WARRIX and another, Plaintiffs in error, v. STATE, Defendant in error.

*No. State 40.   Argued February 4, 1971.—Decided March 2, 1971.*
(Also reported in 184 N. W. 2d 189.)

---

370

For the plaintiffs in error there were briefs and oral argument by *James H. McDermott,* state public defender.

For the defendant in error the cause was argued by *James B. Schwalbach,* assistant district attorney of Milwaukee county, with whom on the brief were *Robert W. Warren,* attorney general, and *E. Michael McCann,* district attorney.

HALLOWS, C. J. There are several assignments of error which are best discussed *seriatim.*

*Waiver of jury.*

There is no question that the waiver, if valid, was voluntarily and knowingly made. The trial court questioned both the defendants and counsel, was careful the defendants understood what they were doing, and had each of them sign a jury waiver which was approved in accordance with sec. 957.01 (1), Stats.[1] This procedure

---

[1] "957.01 Jury trial; waiver. (1) Except as otherwise provided in this chapter, criminal cases in courts of record shall be tried by a jury of 12, drawn as prescribed in ch. 270, unless the defendant waives a jury trial in writing or by statement in open court,

was recommended in *State ex rel. Derber v. Skaff* (1964), 22 Wis. 2d 269, 274, 125 N. W. 2d 561.

The precise issue is whether the defendants can waive a jury at this late point in a trial and have the court make the finding of guilt or innocence. It is argued by the defendants sec. 957.01 (1), Stats., plainly requires the waiver precede the commencement of a trial to a jury and the whole jury trial must be waived, not merely a part of it. It is argued that all the defendants did was to waive the right to continue the jury trial and they could not waive what they already received.

This is not a proper interpretation of the statute. Of course, a jury trial is an examination of the issues between the parties, sec. 270.06, Stats., and this process commences at the time of the opening arguments to the jury, *Strong v. State* (1967), 36 Wis. 2d 324, 327, 152 N. W. 2d 890; but a waiver made part way through a jury trial is retroactive in effect to the commencement of the trial. It cannot be said the jury heard part of the case and the court heard part of the case if the finding of guilt or innocence is made by the court after a waiver. The judge heard the evidence as well as the jury. It sounded no different to him as a judge than if he were also the trier of the fact when he heard part of it. A waiver during trial does not mean the judge hears only part of the case. He has heard all the evidence at the trial. If a judge believes he cannot recollect the testimony or did not make notes to help him or for any reason he cannot function as the trier of the facts he needs only to refuse to accept the offer to waive the jury.

It is argued that sec. 957.01 (1), Stats., permits only a waiver prior to the commencement of the jury trial by analogy to sec. 957.01 (2), wherein it specifically provides for a reduction in the number of jurors "at any

entered in the minutes, with the approval of the court and the consent of the state. . . ." (1967 Stats., now sec. 972.02, Stats.)

time before verdict." Although sec. 957.01 (1) does not expressly provide for a waiver "at any time before verdict," there is no compelling policy reason why the statute should not be so construed. We are unconvinced the history of the section or analogy to sec. 957.01 (2) or the language of the section requires the strict and technical construction urged by the defendants.

This court would be hard pressed to say a plea of guilty could not be entertained during a jury trial,[2] yet the acceptance of a plea of guilty would waive a jury trial even though some portion of the evidence was heard by the jury. It is true, the analogy is not perfect because on a plea of guilty the plea itself furnishes the basis for the finding of conviction rather than the evidence. Nonetheless, that which is waived, the jury determination, is the same in both instances. A waiver of a jury partly through a trial is in effect an agreement the court can make the finding. The rarity of such a waiver does not necessarily make it invalid.

### Searches and seizures.

Both in the defendants' motion to suppress evidence and in their postconviction motions, five searches and seizures are claimed to be unconstitutional. None of the searches was made pursuant to a search warrant. In chronological order, they were: (1) The flashlight search which occurred when the car was stopped and revealed the shiny metal object protruding from under the driver's seat and the coins in the rear seat of the car; (2) the seizure of a .22-caliber pistol from under the driver's seat; (3) the "patting down" of the defendants by which the officers were led to believe the defendants had large amounts of coins in their pockets;

[2] See Koenig v. Willingham (6th Cir. 1963), 324 Fed. 2d 62, where a plea of guilty was allowed on the third day of a trial to a jury.

(4) custody search at the police station within forty-five minutes after their arrest; and (5) the search of their automobile at the police station while in police custody one and a half hours after the arrest and the seizure of coins under the back seat.

The defendants argue the use of the flashlight at 2:15 o'clock in the morning to look into the interior of a car was an exploratory investigation in violation of their fourth amendment rights. A policeman may use a flashlight to bring into plain sight what natural light would have revealed if the "look-see" had taken place in daylight. A search implies prying into hidden places for what is hidden. *Gouled v. United States* (1921), 255 U. S. 298, 41 Sup. Ct. 261, 65 L. Ed. 647. The observance by sunlight or artificial light of that which is open and patent is not a search. *Smith v. United States* (4th Cir. 1924), 2 Fed. 2d 715; *United States v. Lee* (1927), 274 U. S. 559, 47 Sup. Ct. 746, 71 L. Ed. 1202. The argument a flashlight renders unreasonable what is otherwise a reasonable search is itself unreasonable. We agree with the statement in *Sweeting v. State* (1969), 5 Md. App. 623, 249 Atl. 2d 195, 198, ". . . where an officer is in a place where he is lawfully entitled to be (as here, on a public street), the shining of a flashlight at night inside the vehicle while remaining outside does not amount to an illegal search under the fourth amendment."

It is not unreasonable for a police officer under the circumstances of this case to take a shiny object in view from under the front seat even though at that time he does not know it is a gun. If no part of the gun had been protruding, the officer could not have used his hand to discover what if anything was under the seat any more than he could scrape the inside of a pocket for narcotic fragments, *Barnes v. State* (1964), 25 Wis. 2d 116, 130 N. W. 2d 264, or disrobe an accused without consent to discover narcotic needle marks, *State v. Brown*

(1964), 25 Wis. 2d 413, 130 N. W. 2d 760, where we said, "What is in plain sight they may look at, what is hidden or covered is verboten."

The finding of a loaded revolver and the coins and knowing the occupants of the car were wanted led to a pat down. It was reasonable for their protection to determine whether the defendants carried any other weapons. True, no more weapons were found but in the process the officers reasonably concluded the defendants were carrying a large amount of coins in their pockets. These factors led Officer Wilson to arrest the defendants. It is argued that this search or pat down was not properly incidental to the arrest and therefore invalid. Defendants rely on *United States v. Di Re* (1948), 332 U. S. 581, 68 Sup. Ct. 222, 92 L. Ed. 210; *United States v. Coplon* (2d Cir. 1950), 185 Fed. 2d 629; and *United States v. Moderacki* (D. C. Del. 1968), 280 Fed. Supp. 633, 637. It is quite apparent the pat down was not incidental to the arrest because it preceded the arrest. *See United States v. Di Re, supra.* The defendants raise a false issue.

The state claims the search was in the nature of a stop-and-frisk procedure recognized in *Terry v. Ohio* (1968), 392 U. S. 1, 88 Sup. Ct. 1868, 20 L. Ed. 2d 889. While police must whenever practicable seek a warrant before the search, *Katz v. United States* (1967), 389 U. S. 347, 88 Sup. Ct. 507, 19 L. Ed. 2d 576, the *Terry Case* justified the "stop-and-frisk" procedure on pragmatic grounds because it involved "an entire rubric of police conduct—necessarily swift action predicated upon the on-the-spot observations of the officer . . . which historically has not been, and as a practical matter could not be, subjected to the warrant procedure." 392 U. S. 1, at 20. We think the officers under the facts then available to them were reasonable in the method of patting down the defendants and in their belief that their action was appropriate and necessary.

At the police station the defendants were required to empty their pockets as a part of the booking process. This procedure disclosed Richard Warrix had $5 in coin. It is argued this search is not incidental to their arrest and therefore in violation of their fourth amendment rights. Defendants rely on *United States v. Harvey* (7th Cir. 1968), 397 Fed. 2d 526, 529, where a search without a warrant of a suspect's automobile ten minutes after arrival at the police station was held to be unreasonable. But, this court in *State v. Stevens* (1965), 26 Wis. 2d 451, 460, 132 N. W. 2d 502, has upheld a custodial search of the person on the ground it was required for the safety of the prisoner and the law enforcement officers and by the efficient operation and administration of a jail. Such custodial search after arrest must bear a reasonable relationship, not to the arrest, but to jail custodial purposes and one of the custodial requirements is the inventorying of possessions belonging to the accused and placing them in safekeeping during his custody in jail. If contraband or evidence or fruits of a crime are found in this process, the discovery does not make the search unreasonable.

The purpose and justification of a custodial search of a jailed person also applies to the accused's automobile which is taken into custody by the police for safekeeping while the accused is in jail custody. Many times claims against the police have been made by the accused that personal property has disappeared from his car while he and the car were in police custody. To protect the police from such claims, a custodial search and inventory may be made of the personal property in a car which can be easily removed. This type of search was approved in *State v. Dombrowski* (1969), 44 Wis. 2d 486, 171 N. W. 2d 349, and *Chambers v. Maroney* (1970), 399 U. S. 42, 90 Sup. Ct. 1975, 26 L. Ed. 2d 419. As in any other search, the reasonableness de-

pends upon the circumstances in each case. Here, we hold the searches were reasonable.

*Sufficiency of the evidence.*

Defendants give three reasons why the evidence is not sufficient to sustain the court's determination of guilt: (1) The failure to prove the entry was without the consent of the person in lawful possession; (2) the credibility of a witness; and (3) the failure to produce a witness.

Nonconsent to the entering of the building by the defendants was proved by the testimony of Kay Caya. She was a co-owner of the tavern business under the name of Terry and Kay's Tavern, and her husband Terry Caya, whose name is on the lease and the tavern license, could not testify because of illness. Mrs. Caya testified she did not give her consent and her husband did not give his consent either. On cross-examination she corrected the positive statement concerning her husband to her husband would not have given his consent. We think this testimony is sufficient in view of the facts. There is a strong inference that three strangers entering a tavern building at 2:30 o'clock in the morning through the basement, breaking down a door, taking money out of the cash register, did not have the owner's consent.

The challenge to the credibility of Patrolman Wilson is based upon his misstatement in the complaint that he was in a squad car when in fact he was in his own car when he stopped the defendants. This is hardly a serious or flagrant discrepancy. To discredit testimony, the contradiction must involve a material point and be such as to raise a reasonable doubt of the intention of the witness to tell the truth. This technical argument has no merit.

The state is not required to produce at trial every possible witness to the commission of a crime. *Dillon v. State* (1909), 137 Wis. 655, 119 N. W. 352; *Brown v. State* (1965), 28 Wis. 2d 383, 137 N. W. 2d 53; *Farino v. State* (1931), 203 Wis. 374, 234 N. W. 366. The rule that the failure to call a material witness under a party's control raises an inference against such party is not applicable to these facts. It is not shown that Patrolman Muszynski would have been a material witness other than corroborating Patrolman Wilson. Patrolman Muszynski was no more within the control of the state as a witness than he was of the defendants. He could have been called by the defense. The same argument was rejected by this court last month in *State v. Chacon,* ante, p. 73, 183 N. W. 2d 84.

### *Alleged motion.*

At the close of the cross-examination of one of the state's witnesses, the trial counsel stated he had a motion to make in the absence of the jury. A recess was taken. After recess the court asked if there was any further examination. Defense counsel said he had no further questions of the witness. On this state of the record the defendants contend a motion was made during the recess and because there was no transcript of it the due-process requirement that the defendants be allowed appellate review of all stages of the proceedings has been violated, citing *Griffin v. Illinois* (1956), 351 U. S. 12, 76 Sup. Ct. 585, 100 L. Ed. 891.

Assuming the legal correctness of the defendants' argument, it rests on the assumption that a motion in fact was made and not transcribed. However, at the post-conviction hearing the trial judge stated that no motion was made during the recess. The defendants object to this testimony on the ground the court was trier of the

fact and became a material witness too. Since the matter involved the judge and his conduct at the trial, he may rely on his memory in making a finding of fact. It may be true that *Tyler v. Swenson* (8th Cir. 1970), 427 Fed. 2d 412, 415, is to the effect that a judge has no particular competence in the recollection of unrecorded events. But we think a trial judge has particular competency to recollect whether a motion was made before him in a trial. Besides, it is at least equally debatable an inference may be drawn that no motion was made because the record does not show it as it is that a motion was made because counsel said he wanted to make one and it was not transcribed.

### Arrest warrant.

The defendants contend that since the facts upon which the arrest warrant was based were the product of illegally seized evidence, the arrest which followed was invalid. The brief states the warrant was issued on November 19, 1968. Actually the defendants were previously arrested on July 24, 1968, without a warrant. Presumably, the arrest warrant was issued for the crime with which the defendants were charged. However, this argument has no merit because it lacks a factual basis. We have determined that the evidence seized was not the product of an unreasonable search. The question is not now before us whether evidence used as the basis for probable cause for a search or an arrest warrant or for a bindover becomes insufficient because it is later determined such evidence was secured by an unlawful search.

*By the Court.*—Judgments and order affirmed.