WAITE, Plaintiff in error, v. STATE, Defendant in error.

*No. State 61. Submitted under sec. (Rule) 251.54 January 5, 1973.—Decided January 30, 1973.*
(Also reported in 203 N. W. 2d 719.)

For the plaintiff in error the cause was submitted on the briefs of *Wallace John Waite* of Waupun, pro se.

For the defendant in error the cause was submitted on the brief of *Robert W. Warren,* attorney general, and *William A. Platz,* assistant attorney general.

ROBERT W. HANSEN, J. Fifteen different grounds were asserted by defendant in his motion for a new trial. All are brought to this court on the writ of error. Without dancing to every tune that is whistled, we will deal with the more substantial of such challenges. We find no support in the record for those passed over, nor do we find them to have any possible impact upon conviction or sentence.

*Arrest.* Probable cause for placing the defendant under arrest clearly existed at the time of the arrest. The test is not guilt beyond a reasonable doubt but probable cause for believing the occurrence of a crime.[1] The time and place, the dropping of the capsule, the defendant's flight to avoid interrogation combine to make placing the defendant under arrest entirely reasonable under the circumstances present.[2]

*Search.* Given the fact of a suspicious bulge in an outer coat pocket, the officer acted reasonably and for his own protection in determining what caused the bulge.[3] The custodial search that revealed the marijuana in defendant's pocket was a reasonable custodial search after arrest.[4] Additionally, no motion to suppress the evidence

[1] *Molina v. State* (1972), 53 Wis. 2d 662, 671, 193 N. W. 2d 874, stating: ". . . Probable cause exists if the facts and circumstances known to the police officer warrant a reasonable police officer in believing an offense has been committed. . . ."

[2] *Id.* at page 673, the court stating: ". . . As was said in another case, the events justifying arrest 'rapidly gained cumulative force.'"

[3] *Warrix v. State* (1971), 50 Wis. 2d 368, 375, 184 N. W. 2d 189, the court stating: ". . . We think the officers under the facts then available to them were reasonable in the method of patting down the defendants and in their belief that their action was appropriate and necessary." *See also: State v. Chambers* (1972), 55 Wis. 2d 289, 294, 198 N. W. 2d 377, the court stating: ". . . A police officer 'making a reasonable investigatory stop' is not denied 'the opportunity to protect himself from attack by a hostile suspect.' Adams [*Adams v. Williams* (1972), 407 U. S. 143, 146, 92 Sup. Ct. 1921, 32 L. Ed. 2d 612, citing *Terry v. Ohio* (1968), 392 U. S. 1, 30, 88 Sup. Ct. 1868, 20 L. Ed. 2d 889] states clearly '. . . So long as the officer is entitled to make a forcible stop and has reason to believe that the suspect is armed and dangerous, he may conduct a weapons search limited in scope to this protective purpose.'"

[4] *Warrix v. State, supra,* at page 376, the court stating: ". . . Such custodial search after arrest must bear a reasonable relationship, not to the arrest, but to jail custodial purposes and one of the custodial requirements is the inventorying of possessions belonging to the accused and placing them in safekeeping during his custody in jail. . . ."

secured by such searches was made, as is statutorily required.[5] While the trial court did, at one point, state, "There will be no further motions," this was a response to a confusing multiplicity of motions, with defense counsel and the state agreeing that it was difficult to even determine which motions had been heard.[6] It did not excuse defense counsel from objecting to the introduction of evidence based on a search which he sought to challenge. Under the statute, failure to challenge before trial proffered evidence on grounds of illegal search or seizure waives any right to challenge thereafter.

*Complaint.* The complaint here involved is challenged because it was subscribed and sworn to before an assistant district attorney. This procedure is expressly authorized by sec. 954.02 (3), Stats. 1967, and sec. 968.01, Stats. 1969. The "neutral and detached magistrate," to which defendant refers, applies to warrants, not complaints.[7]

*Hearing.* The ten-day requirement of sec. 954.17, Stats. 1967 (referring to the magistrate certifying all examinations and evidence and returning them to the clerk of the court where the defendant is bound to appear) was not here complied with as the state concedes. Such violation does not go to subject matter jurisdiction, but only to personal jurisdiction.[8] It can be waived, and when

---

[5] Sec. 955.09 (3), Stats. 1967, providing that objections based on ". . . the use of illegal means to secure evidence (except confessions) must be raised before trial by motion or be deemed waived. . . ."

[6] *See:* Sec. 955.11, Stats. 1967, provides:

"**Proof of Motion.** When a dilatory motion is interposed, the court may refuse to receive it until the truth thereof is supported by affidavit or other evidence."

[7] *See: State ex rel. White v. Simpson* (1965), 28 Wis. 2d 590, 137 N. W. 2d 391; *See also: Aguilar v. Texas* (1964), 378 U. S. 108, 84 Sup. Ct. 1509, 12 L. Ed. 2d 723; *Giordenello v. United States* (1958), 357 U. S. 480, 78 Sup. Ct. 1245, 2 L. Ed. 2d 1503.

[8] *See: Godard v. State* (1972), 55 Wis. 2d 189, 197 N. W. 2d 811, holding violation of sec. 954.05 (1), Stats. 1967, prohibiting

the defendant subsequently appeared in court on two occasions, without entering such appearances as special, it was waived.

*Testimony.* Minor discrepancies between statements in the complaint and courtroom testimony, eight months later, are not sufficient foundation for defendant's claim that the district attorney knowingly used false testimony in the form of a supporting affidavit to the complaint. As to such minor discrepancies, the trial court's failure to sequester the two state's witnesses, if error at all, was certainly harmless. It is not grounds for granting a new trial.[9]

*Counsel.* The record does not sustain defendant's claim that he was denied his right to represent himself or that he was forced to accept the services of appointed counsel at the trial. The closest it comes is the colloquy between trial judge and defendant in which the trial judge stated: ". . . if you don't like your counsel and you can fire your counsel, but I have news for you, you are going to try the case without a lawyer." The defendant responded: ". . . I ask the record to show I would just as soon represent myself." The trial judge was entitled to consider "just as soon" something less than an insistence that defendant be permitted to proceed pro se. When, on motion for a new trial, the defendant did seek to discharge his counsel and clearly requested to proceed on his own, he was permitted so to do.

*Statute.* Sec. 161.275, Stats. 1967, provides:

"(1) It is unlawful for any person to . . . possess . . . marijuana or hemp or the leaves or seeds thereof, or any infusion of marijuana or hemp, or of its leaves or seeds, for beverage or smoking purposes. Any person

---

adjourning a preliminary hearing more than ten days without defendant's consent, can be waived.

[9] *See: Fischer v. Fischer* (1966), 31 Wis. 2d 293, 307, 142 N. W. 2d 857; *Bentzler v. Braun* (1967), 34 Wis. 2d 362, 374, 149 N. W. 2d 626.

violating this subsection shall be punished as provided in s. 161.28 (1).

"(3) No person shall use marijuana or hemp or the leaves or seeds thereof, or any infusion of marijuana or hemp or of its leaves or seeds, for smoking or beverage purposes. . . . Any person violating this subsection shall upon conviction be imprisoned not more than 5 years."

The defendant claims this statute to be unconstitutional because marijuana is not to be classified as a "narcotic drug." [10] It is enough here to note that it is not so referred to in the sections under which the defendant was prosecuted and convicted.

*Statutory change.* The defendant was arrested on February 15, 1970. At that time sec. 161.275, Stats. 1967, was in effect, making possession of marijuana a felony. Five days later, sec. 161.30, Stats. 1969, became effective, and, as of February 20, 1970, possession of marijuana was declared to be a misdemeanor offense carrying a lesser penalty. Defendant claims he was denied the benefit of this change in the law. However, as to offenses committed before the effective date of the new law, sec. 990.04, entitled "Actions pending not defeated by repeal of statute," controls. [11] Sec. 161.275, under

[10] As it is classified in sec. 161.01 (14), Stats. 1967. On the substitution of judicial for legislative findings of fact, *see:* 16 Am. Jur. 2d, *Constitutional Law,* p. 387, sec. 170, correctness of legislative determination of factual issues. *See also: State ex rel. Sullivan v. Dammann* (1938), 227 Wis. 72, 82, 277 N. W. 687.

[11] Sec. 990.04, Stats., provides: "The repeal of a statute hereafter shall not remit, defeat or impair any civil or criminal liability for offenses committed . . . before the repeal thereof, whether or not in course of prosecution or action at the time of such repeal; but all such offenses, penalties, forfeitures and rights of action created by or founded on such statute, liability wherefor shall have been incurred before the time of such repeal thereof, shall be preserved and remain in force notwithstanding such repeal, unless specially and expressly remitted, abrogated or done away with by the repealing statute. . . ."

which the defendant was properly prosecuted, was not repealed until February 20, 1970. Until the new statute became effective, the old statute remained in full force and effect.

*Jurisdiction.* Finally, the claim is that the trial court lacked subject matter jurisdiction because of alleged defects in the complaint, search and arrest. No defects in these particulars have been established. If the effort to locate defects had been successful, it is to be noted that jurisdiction of the subject matter would not be lost. Subject matter jurisdiction is the *power* of the court to determine the facts, apply the law and set the penalty.[12] The Wisconsin Constitution [13] and the statutes [14] provide that the circuit court had such power or authority to hear and determine the charges here brought against the defendant. Defects in the complaint, arrest or search would not go to subject matter jurisdiction.[15]

For a pro se brief, defendant's printed brief and reply brief are noteworthy for thoroughness of research and clarity of expression. However, no points raised, nor all together, warrant a reversal either of the judgment of conviction, or the trial court's order denying a new trial.

*By the Court.*—Judgment and order affirmed.

[12] *See: State v. Chabonian* (1972), 55 Wis. 2d 723, 725, 201 N. W. 2d 25; *Pillsbury v. State* (1966), 31 Wis. 2d 87, 94, 142 N. W. 2d 187.

[13] Wis. Const., art. VII, sec. 8, states: ". . . The circuit courts shall have original jurisdiction in all matters civil and criminal within this state, not excepted in this constitution, and not hereafter prohibited by law; . . ." (As to violations of sec. 161.275 (1) and (3) and sec. 151.07 (7), Stats., exclusive jurisdiction is not "excepted" by the constitution or "prohibited" by statute.)

[14] Sec. 252.03, Stats., provides: "The circuit courts have . . . power to hear and determine, within their respective circuits, all civil and criminal actions and proceedings unless exclusive jurisdiction is given to some other court; . . ." (As to violations of sec. 161.275 (1) and (3) and sec. 151.07 (7), Stats., "exclusive jurisdiction" is not given to any other court.)

[15] *Galloway v. State* (1966), 32 Wis. 2d 414, 418, 419, 145 N. W. 2d 761, 147 N. W. 2d 542.