STATE, Respondent, v. MORDESZEWSKI, Appellant.

*No. State 192. Argued May 6, 1975.—Decided June 3, 1975.*
(Also reported in 229 N. W. 2d 642.)

---

650

654

For the appellant there was a brief by *James M. Shellow, David P. Jenkins* and *Shellow & Shellow,* all of Milwaukee, and oral argument by *James M. Shellow.*

For the respondent the cause was argued by *Michael R. Klos,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

HANLEY, J. The sole issue presented upon this appeal is whether the defendant's confession should have been suppressed on the grounds that it was the product of illegal detention and prior illegal searches.

The defendant does not challenge the trial court's determination that the defendant's rights under *Miranda v. Arizona* (1966), 384 U. S. 436, 86 Sup. Ct. 1602, 16 L. Ed. 2d 694, were observed, but rather he contends that his confession was obtained by the exploitation of the fruits of illegal police conduct and, therefore, should have been suppressed under *Wong Sun v. United States* (1963), 371 U. S. 471, 83 Sup. Ct. 407, 9 L. Ed. 2d 441.

It is the defendant's position in this case that his confession was obtained by an illegal exploratory search after being stopped for a traffic violation, an illegal detention and search at the district police station and the confrontation of the defendant with the fruits of the illegal station-house search during the questioning of the defendant by the vice squad officers.

The defendant first contends that the hashish found on him was obtained by an illegal search of his person. He argues that his turning it over to the police officer was the result of his submitting to the authority being asserted by the police and, therefore, was the result of a search. As noted, the trial court found that this was an "erroneous anticipatory act" resulting from a conclusion

by the defendant that the officer intended to search all of his pockets so that the hashish did not come into the officer's possession as a result of a search and seizure. The finding of the trial court necessarily implied that it resolved the conflict in testimony in favor of the police officer. It accepted the officer's testimony that the defendant voluntarily relinquished the hashish.

The credibility which is to be afforded the testimony of witnesses and the resolution of conflicts in testimony is a function assigned to the trier of the fact. Findings of the trial court will not be disturbed unless against the great weight and clear preponderance of the evidence. *State v. Taylor* (1973), 60 Wis. 2d 506, 520, 210 N. W. 2d 873.

The state also argues that under *State v. Mabra* (1974), 61 Wis. 2d 613, 213 N. W. 2d 545, which adopts *United States v. Robinson* (1973), 414 U. S. 218, 94 Sup. Ct. 467, 38 L. Ed. 2d 427, and *Gustafson v. Florida* (1973), 414 U. S. 260, 94 Sup. Ct. 488, 38 L. Ed. 2d 456, if there was a search of the defendant which resulted in the seizure of the hashish, it was a valid search. In *Mabra,* this court said (p. 623) :

". . . Given a valid arrest, a search is not limited to weapons or evidence of a crime, nor does the search need to be directed to or related to the purpose of the arrest. A person lawfully arrested for a traffic violation or minor infraction of a criminal law may be searched without a search warrant or probable cause and if the search turns up incriminating evidence of a more serious crime, it may be used against the person. . . ."

Under this rule, the search would be valid.

The defendant attempts to distinguish the *Robinson* and *Gustafson Cases* on the basis that they only apply to custodial arrests. This is based on the argument that the defendant was initially stopped for violations of the Vehicle Code and sec. 345.23, Stats., requires an officer to release a defendant arrested for a "traffic regulation"

under certain conditions. It is claimed that there was no showing that the arresting officers attempted to comply with the release provisions of sec. 345.23.

This argument is without merit. Sec. 345.23 (2), Stats., applies if "a person is arrested without a warrant for the violation of a traffic regulation." Sec. 345.20 (1) (a) defines "traffic regulation" as used in secs. 345.21 to 345.53, as follows:

" 'Traffic regulation' means a provision of chs. 341 to 349 for which the penalty for violation is a forfeiture, or an ordinance enacted in accordance with s. 349.06."

The defendant was arrested for reckless driving, proscribed by sec. 346.62 (1), Stats., and driving without a license, proscribed by sec. 343.05. Driving without a license is not a traffic regulation as that term is described above because sub. (3) of sec. 343.05 provides that the penalty is a fine or imprisonment. Therefore, the provisions of sec. 345.23 do not apply to the defendant.

Because the defendant was arrested for something other than a "traffic regulation" he was validly taken to the station house. A further search was justified. In *Warrix v. State* (1971), 50 Wis. 2d 368, 376, 184 N. W. 2d 189, it was said:

". . . this court in *State v. Stevens* (1965), 26 Wis. 2d 451, 460, 132 N. W. 2d 502, has upheld a custodial search of the person on the ground it was required for the safety of the prisoner and the law enforcement officers and by the efficient operation and administration of a jail. Such custodial search after arrest must bear a reasonable relationship, not to the arrest, but to jail custodial purposes and one of the custodial requirements is the inventorying of possessions belonging to the accused and placing them in safekeeping during his custody in jail. . . ."

In *State v. Mabra, supra,* it was recognized that the purpose of a station-house search is not for evidence, but for the security of the police, the individual arrested,

the safekeeping of that person's personal articles and the security of fellow prisoners.

The restriction that station-house custody searches bear a reasonable relationship to jail purposes is not mandated by the supreme court's recent rulings. In *United States v. Edwards* (1974), 415 U. S. 800, 802, 803, 94 Sup. Ct. 1234, 39 L. Ed. 2d 771, the court said:

"The prevailing rule under the Fourth Amendment that searches and seizures may not be made without a warrant is subject to various exceptions. One of them permits warrantless searches incident to custodial arrests, *United States v. Robinson*, 414 U. S. 218 (1973) ; *Chimel v. California*, 395 U. S. 752, 755 (1969) ; *Weeks v. United States*, 232 U. S. 383, 392 (1914), and has traditionally been justified by the reasonableness of searching for weapons, instruments of escape, and evidence of crime when a person is taken into official custody and lawfully detained. *United States v. Robinson, supra.*

"It is also plain that searches and seizures that could be made on the spot at the time of arrest may legally be conducted later when the accused arrives at the place of detention."

The instant case, however, does not require the overruling of *Warrix v. State, supra,* to justify the search of the defendant's wallet. One of the valid reasons recognized in *Warrix* for such a custody search is the security of the police, the defendant and other prisoners. Officer Stanton testified that the search of the wallet was police procedure in making a search of an arrested person for weapons that may be used against an officer and for contraband. He stated that on one occasion he had found a razor blade wrapped in a Kleenex in a wallet. Again, the additional justification of looking for contraband would not affect the validity of the search.

The defendant had been arrested for possession of a controlled substance, hashish. Hashish is not the type of contraband that can be easily discovered by a pat-down search that an on-the-street arrest requires. Hashish

could be concealed within a wallet. Therefore, it was reasonable for the police to conduct a more thorough search of the defendant at the police station.

The defendant contends that even assuming the detention to be lawful, the seizure of the newspaper clipping was unlawful because of the scope and intensity of the search and it violated his fifth amendment rights against being a witness against himself. As to the scope and intensity of the search, it is argued that neither an inventory search nor a search for weapons justifies the reading of the papers in the wallet.

Officer Stanton testified that he removed the contents of defendant's wallet. The "contents" consisted of a packet of papers about one-half inch thick. He did testify that he scanned the papers and that it was the headline of the newspaper clipping in question which caught his eye. Since the officer could validly search the wallet and sort the paper contents to check for razor blades, it would be unreasonable to say he could not legally notice what he was seeing in open view.

The defendant's fifth amendment argument is based on the theory that the newspaper clipping was a "private paper" protected by the right against self-incrimination.

In *Schmerber v. California* (1966), 384 U. S. 757, 761, 86 Sup. Ct. 1826, 16 L. Ed. 2d 908, the court held that this privilege ". . . protects an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature . . . ." A newspaper clipping would not be of a "testimonial" or "communicative" nature. In explaining what is "testimonial" or "communicative" the supreme court said (p. 761, fn. 5) :

"A dissent suggests that the report of the blood test was 'testimonial' or 'communicative,' because the test was performed in order to obtain the testimony of others, communicating to the jury facts about petitioner's condition. Of course, all evidence received in court is 'testi-

monial' or 'communicative' if these words are thus used. But the Fifth Amendment relates only to acts on the part of the person to whom the privilege applies, and we use these words subject to the same limitations. . . ."

Therefore, unlike the cases where private records and documents are involved, reliance upon the fifth amendment is not warranted here.

The defendant also contends that the clipping was unlawfully seized because there was no nexus between it and criminal behavior. The supreme court in *Warden v. Hayden* (1967), 387 U. S. 294, 306, 307, 87 Sup. Ct. 1642, 18 L. Ed. 2d 782, has said:

". . . The requirements of the Fourth Amendment can secure the same protection of privacy whether the search is for 'mere evidence' or for fruits, instrumentalities or contraband. There must, of course, be a nexus—automatically provided in the case of fruits, instrumentalities or contraband—between the item to be seized and criminal behavior. Thus in the case of 'mere evidence,' probable cause must be examined in terms of cause to believe that the evidence sought will aid in a particular apprehension or conviction. In so doing, consideration of police purposes will be required."

The state makes two arguments that reliance on *Warden v. Hayden, supra,* is not helpful to the defendant. The first argument is directed at the point that the defendant on this appeal is challenging the admissibility of the defendant's confessions. It is argued that the possession of the clipping is not important because the important fact was that the officer knew the defendant carried this clipping. It was because of this that the defendant was questioned. Shortly after the questioning began, the defendant indicated that he was willing to talk to the vice squad and shortly after the questioning by the vice squad was begun, the defendant admitted two rapes. Once Officer Stanton saw the newspaper headline, he realized that the defendant had an interest in this

particular rape above that of an ordinary citizen. Further questioning was justified.

The state's other argument is that the police had lawful possession of the clipping pursuant to a custody search. The contention is based on *United States v. Jenkins* (2d Cir. 1974), 496 Fed. 2d 57, in which the court rejected an unreasonable search and seizure argument where officers, subsequent to the arrest, examined serial numbers of bills found in the defendant's wallet and inventoried them pursuant to a valid custody search. The court said (p. 73):

". . . This argument ignores the fact that once the money had been lawfully taken by the police for safekeeping Wilcox no longer could reasonably expect any right of privacy with respect to the serial numbers, see *Katz v. United States*, 389 U. S. 347, 361, 88 Sup. Ct. 507, 19 L. Ed. 2d 576 (1967) (HARLAN, J. concurring)."

We conclude that the defendant's wallet was in the lawful possession of the police at the time Officer Stanton's attention was focused on the rape headline of the newspaper clipping. The officer acted reasonably and properly in retaining the newspaper article and questioning the defendant about its contents. The fact that the clipping was before the defendant and not in a police locker when the defendant volunteered his confession, does not destroy the legality of the original search and seizure.

*By the Court.*—Judgment and order affirmed.