STATE of Wisconsin, Plaintiff-Respondent,

v.

Edward C. LEFLER, Defendant-Appellant.†

Court of Appeals

*No. 2012AP224–CR. Submitted on briefs November 30, 2012.
—Decided January 23, 2013.*

2013 WI App 22

(Also reported in 827 N.W.2d 650.)

† Petition for Review filed.

220

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Angela C. Kachelski* of *The Kachelski Law Firm, S.C.*, Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Thomas J. Balistreri*, assistant attorney general and *J.B. Van Hollen*, attorney general.

Before Neubauer, P.J., Reilly and Gundrum, JJ.

¶ 1. REILLY, J.    Edward C. Lefler was under arrest for operating while under the influence of an intoxicant (OWI) when police officers searched the trunk of the vehicle he had been driving. At the time of his arrest, Lefler was a known suspect in recent burglaries and was in possession of several tools suitable for breaking into buildings. The search of Lefler's trunk uncovered property that police believed had been stolen. Lefler subsequently confessed to a string of burglaries and was charged with multiple counts of burglary, at-

tempted burglary, possession of burglarious tools, and OWI. Lefler moved to suppress evidence obtained as a result of the search of his trunk, arguing that the police did not have justification to search his trunk incident to his OWI arrest. The circuit court denied his motion, and Lefler pled guilty. We affirm Lefler's conviction as the police had probable cause to search Lefler's vehicle.

## BACKGROUND

¶ 2.   Lefler was stopped by a Silver Lake police officer who observed his vehicle drive through a stop sign shortly before 11:00 p.m. The officer identified the operator of the vehicle as Lefler. Lefler was known to the officer as a suspect in recent burglaries. When Lefler exited his vehicle following the stop, the officer saw a screwdriver sticking out of Lefler's back pocket. Lefler smelled of intoxicants and admitted that he had been drinking. Lefler was arrested for OWI after exhibiting intoxication on several field sobriety tests.

¶ 3.   Prior to placing Lefler under arrest, the officer asked Lefler about the screwdriver. Lefler told the officer that he used it to open his car door, even though the officer had opened Lefler's car door without the screwdriver. The officer saw "pliers, wrenches," and "another prying-type device" lying in plain view on the floorboards of Lefler's car. The officer knew that Lefler was not employed in an occupation that would have required such tools. The officer thought it plausible that Lefler had "either committed some burglaries that evening or was going to do some."

¶ 4.   After Lefler was handcuffed and placed in the back of a squad car as a result of his OWI arrest, the trunk of his car was searched. Inside the trunk, police discovered "two brand new looking containers of tools."

223

The police had the tools' serial numbers checked, and one set came back as being reported stolen from Texas. When Lefler was later questioned about the tools found in his trunk, Lefler confessed to a string of burglaries. Lefler was charged with six counts of burglary, one count of attempted burglary, one count of possession of burglarious tools, and OWI.

¶ 5. Lefler moved the circuit court to suppress any evidence obtained by the police as a result of the warrantless search of his vehicle's trunk. Lefler argued that the police could not search the trunk of his vehicle incident to his OWI arrest after he had been handcuffed and placed in the back of a squad car. The circuit court denied Lefler's motion on the basis that Lefler had no expectation of privacy in the trunk of his car as a result of the OWI arrest. Lefler subsequently pled guilty to two counts of burglary, one count of attempted burglary, one count of possession of burglarious tools, and OWI. Lefler appeals.

## STANDARD OF REVIEW

■

¶ 6. The review of an order on a motion to suppress evidence presents a question of constitutional fact, involving two standards of review. *State v. Hughes*, 2000 WI 24, ¶ 15, 233 Wis. 2d 280, 607 N.W.2d 621. A circuit court's findings of fact will be upheld unless clearly erroneous. *Id.* We review independently the application of the law and constitutional principles. *Id.*

## DISCUSSION

▬▬

¶ 7. The Fourth Amendment to the United States Constitution and article I, section 11 of the Wisconsin Constitution protect the right to be free from unreason-

able searches. *State v. Dearborn*, 2010 WI 84, ¶ 14, 327 Wis. 2d 252, 786 N.W.2d 97. A warrantless search is per se unreasonable unless it falls within a clearly delineated exception. *State v. Artic*, 2010 WI 83, ¶ 29, 327 Wis. 2d 392, 786 N.W.2d 430. One such exception exists where "police have probable cause to believe that a vehicle contains evidence of a crime." *State v. Pozo*, 198 Wis. 2d 705, 710, 544 N.W.2d 228 (Ct. App. 1995).

■■

¶ 8.   Probable cause to search exists when sufficient facts "excite an honest belief in a reasonable mind that the objects sought are linked with the commission of a crime, and that the objects sought will be found in the place to be searched." *State v. Sloan*, 2007 WI App 146, ¶ 23, 303 Wis. 2d 438, 736 N.W.2d 189 (citation and emphasis omitted). Probable cause must be viewed in light of the knowledge and experience of the person conducting the search. *See Pozo*, 198 Wis. 2d at 712–13. It contemplates the totality of the circumstances at the time of the search. *See State v. Robinson*, 2010 WI 80, ¶ 27, 327 Wis. 2d 302, 786 N.W.2d 463.

¶ 9.   Lefler relies on the United States Supreme Court's decisions in *New York v. Belton*, 453 U.S. 454 (1981), and *Arizona v. Gant*, 556 U.S. 332 (2009), to argue that the search of his trunk incident to his arrest was unreasonable. In *Gant*, the Court clarified its holding from *Belton* to allow searches of vehicles "incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Gant*, 556 U.S. at 350–51. The Wisconsin Supreme Court has adopted the reasoning of *Gant* for interpreting the constitutional protections against unreasonable searches and seizures. *Dearborn*, 327 Wis. 2d 252, ¶ 27.

Lefler argues that, as he was handcuffed and in the back of a squad car at the time of the search and as the officer had no reason to believe evidence related to Lefler's OWI offense would be found in his trunk, the search was unreasonable.

¶ 10. The State urges us to adopt the conclusion of the circuit court in finding that Lefler had no Fourth Amendment right to protect the items in his trunk from being searched as he did not establish that he had a reasonable expectation of privacy in the trunk of his car following his arrest. Alternately, the State argues that *Gant* permits the search as Lefler was both "expressly arrested" for OWI and "effectively arrested on probable cause for the crime of possession of burglarious tools." As such, under *Gant*, the officer needed only a reasonable belief that Lefler had other burglarious tools in his trunk to justify a search there.

¶ 11. We decline to adopt the arguments advanced by either party or the legal conclusion of the circuit court. Instead, we find a separate reason justifying the search by the officer—that the officer had probable cause to believe that he might find evidence supporting a charge of possession of burglarious tools or other burglary-related crimes in Lefler's vehicle. "If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *United States v. Ross*, 456 U.S. 798, 825 (1982). There is no dispute that Lefler's vehicle was lawfully stopped. *Ross* allows a search of the vehicle's trunk if probable cause exists to believe the vehicle contains evidence of a crime and that evidence is capable of being concealed in the trunk.

¶ 12.   The elements required for a conviction for possession of burglarious tools are:   (1) possession of a tool or device, (2) the tool or device is suitable for use in breaking into a building, and (3) intent to break into a building and steal movable property. Wɪs JI—Cʀɪᴍɪɴᴀʟ 1431. Tools suitable for breaking into a building include "common" tools. *Id.* Based on the testimony at the suppression hearing from the officer who arrested Lefler, the officer had sufficient evidence against Lefler on two of the three elements for possession of burglarious tools after spotting the "prying-type" tools on Lefler and in plain view within his vehicle.

¶ 13.   In addition, Lefler was a known suspect in recent burglaries. The officer had prior dealings with Lefler and believed that Lefler had monetary issues that would motivate him to commit the burglaries. The officer also knew that Lefler was not employed in an occupation that would require him to possess such tools, and he had reason to doubt the story that Lefler gave him for why he was carrying such tools late at night. Considering the totality of the circumstances, a reasonable person could have an honest belief that evidence of burglary-related crimes might be found in Lefler's vehicle. Therefore, the officer had probable cause to search Lefler's trunk, and the circuit court was correct in declining to suppress evidence recovered as a result of the lawful search. *See State v. Baudhuin*, 141 Wis. 2d 642, 648, 416 N.W.2d 60 (1987) (a correct holding should be sustained on appeal, even on a theory not presented to the circuit court).

¶ 14.   Although Lefler relies on *Gant* to argue that his OWI arrest did not provide justification for the search, he ignores *Gant*'s adherence to precedent in authorizing vehicle searches "for evidence relevant to offenses other than the offense of arrest" when "there is

probable cause to believe a vehicle contains evidence of criminal activity." *Gant*, 556 U.S. at 346–47. As long as there is a proper legal basis to justify the intrusion, an officer's subjective motivation does not require suppression of evidence or dismissal. *Baudhuin*, 141 Wis. 2d at 651. The evidence available to the officer at the time of Lefler's arrest warranted the search of Lefler's entire vehicle.

## CONCLUSION

¶ 15.   As the officer had probable cause to believe that evidence of burglary-related crimes would be found in Lefler's vehicle, we find that the search of the trunk was reasonable.

*By the Court.*—Judgment affirmed.