STATE of Wisconsin, Plaintiff-Appellant,

v.

Andrew Alexander JACKSON, Jr.,
Defendant-Respondent.

Court of Appeals

*No. 2012AP1692–CR. Submitted on briefs February 26, 2012.
—Decided April 9, 2013.*

2013 WI App 66

(Also reported in 831 N.W.2d 426.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Sara Lynn Larson*, assistant attorney general, and *J.B. Van Hollen* attorney general.

On behalf of the defendant-respondent, the cause was submitted on the brief of *John C. Glover*, Milwaukee.

Before Fine, Kessler and Brennan, JJ.

¶ 1. BRENNAN, J. The State appeals, pursuant to Wis. Stat. § 974.05(1)(d)2. (2011–12),[1] from an order granting Andrew Alexander Jackson's motion to sup-

---

[1] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

press evidence found during a warrantless search of his car's trunk. Because we conclude that the police had probable cause to search the trunk based upon evidence lawfully uncovered from the car's center console, we reverse the circuit court's order and remand.

## BACKGROUND

¶ 2. In September 2011, the State filed a criminal complaint against Jackson, charging him with one count of possession with intent to deliver a controlled substance in an amount more than 200 but less than 1000 grams. Jackson filed a motion to suppress and the circuit court held an evidentiary hearing on his motion.

¶ 3. Milwaukee Police Officer Brandon Baranowski testified that on September 2, 2011,[2] he was on a routine patrol in a marked squad car with three other officers when he pulled over a car driven by Jackson for multiple traffic violations. Officer Baranowski testified that when he approached Jackson, the driver of the car, whose window was rolled down, he smelled fresh marijuana coming from inside the car. He then asked Jackson to step out of the car. After Jackson complied, Officer Baranowski searched Jackson's person and the inside of the passenger compartment of the car for marijuana. In the center console, Officer Baranowski found a digital scale covered in marijuana residue and $1961 in small denominations.

¶ 4. Officer Baranowski testified that once he finished his search of the front passenger compartment of the car, he began searching in the back seat, where he believed the odor of fresh marijuana got stronger. When

---

[2] Officer Baranowski originally testified that the incident took place on August 2 based upon a scrivener's error in the police report, but later corrected his testimony.

105

he failed to uncover any other drug paraphernalia in the back, he proceeded to open the car's trunk. In the trunk, he recovered a zipped-up backpack from underneath other items. Inside the backpack was a small plastic sandwich bag containing around five grams of marijuana. He also found a folded orange plastic bag containing a "large brick" of marijuana. Officer Baranowski testified that the total amount of marijuana recovered from the car was about 231 grams, or one-half of a pound.

¶ 5. Following the hearing, the circuit court granted Jackson's motion to suppress the evidence uncovered from the trunk of Jackson's car.[3] The circuit court reasoned as follows:

> Now, we know, and I have heard it in so many cases, they come with these multiple police officers, multiple cars and they stop somebody for a small traffic violation and then they go on from that.
>
> They admit doing that.
>
> . . . .
>
> Maybe it's good practice, maybe it's bad practice, but it is a canvassing practice, a Dragnet practice, pull

---

[3] Before the circuit court, Jackson also challenged both the validity of the traffic stop and the search of the passenger compartment. However, the circuit court found that the traffic stop and the search of the passenger compartment were constitutional. While in his response brief, Jackson attempts to challenge the court's finding that the search of the passenger compartment was constitutional, he has not filed a cross-appeal from the circuit court's decision in that regard. As such, we presume that both the traffic stop and the search of the passenger compartment were constitutional. *See* WIS. STAT. § 809.10(2)(b) (requiring a "respondent who seeks a modification of the judgment or order appealed from . . . [to] file a notice of cross-appeal").

everybody in and hopefully find something, and I don't know all the cases where they don't find something.

. . . .

In every case we're getting these super sniffer police officers that can smell marijuana through trunks, through bags, anyplace and it's testing their credibility as an officer.

. . . .

Now, I have had cases, even trials where I have had the marijuana laying right out on this counter here, and the bags it was in and everything, and I can't smell it, nor can anybody in the courtroom, but these officers have this super sniff ability so that's what we have.

And we have to question credibility.

I'm not, under our Constitution and our city, going to let these officers just go out and canvas and do whatever they want to do in violation of the Fourth Amendment, just keep going further and further.

. . . .

They just went rummaging on to find drugs, and I'm going to say in this particular case they are not credible in smelling that marijuana in the trunk, and I will suppress what they did in the trunk.

The circuit court also suppressed incriminating statements that Jackson made to the police after Officer Baranowski found the marijuana in the trunk, finding that those statements were "a reaction to illegal activity of the police."

¶ 6. Following the suppression hearing, the State moved the circuit court to reconsider its ruling. The circuit court denied the State's motion. The State appeals.

## DISCUSSION

¶ 7. The State argues that the circuit court erred in suppressing the drugs obtained during the search of the trunk and Jackson's resulting statements because the unmistakable odor of marijuana gave the officers probable cause to search the trunk, and even if the smell was insufficient to establish probable cause, the discovery of marijuana residue, $1961 in small denominations, and a digital scale gave police probable cause to search the trunk. Because we agree with the State that the evidence found in the passenger compartment of the car gave the police probable cause to search the trunk, we need not examine whether the odor Officer Baranowski testified that he smelled was sufficient.[4] As such, we reverse and remand.

¶ 8. Police may conduct a warrantless search of a car if they have probable cause to believe that the car contains contraband. *See United States v. Ross*, 456 U.S. 798, 799–800 (1982); *State v. Friday*, 147 Wis. 2d 359, 375–76, 434 N.W.2d 85 (1989). " 'If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search.' " *Wyoming v. Houghton*, 526 U.S. 295, 301 (1999) (citation and emphasis omitted); *see also State v. Pallone*, 228 Wis. 2d 272, 279, 596 N.W.2d 882 (Ct. App. 1999). "[T]he permissible scope of a warrantless car search 'is defined by the object

---

[4] We note, however, that the circuit court found incredible Officer Baranowski's testimony that he smelled marijuana in the trunk. We usually accept the circuit court's findings regarding the credibility of witnesses. *See State v. Baudhuin*, 141 Wis. 2d 642, 647, 416 N.W.2d 60 (1987).

of the search and the places in which there is probable cause to believe that it may be found.' " *Houghton*, 526 U.S. at 302 (citation omitted). Whether a given set of facts provides probable cause for a search is an issue of law that we determine *de novo*. *See State v. Gaines*, 197 Wis. 2d 102, 110, 539 N.W.2d 723 (Ct. App. 1995).

¶ 9. In *Ross*, the United States Supreme Court addressed the scope of a warrantless search of an automobile incident to an arrest. *See id.*, 456 U.S. at 799–800. In that case, police officers, acting on an informant's tip that the defendant was selling drugs out of the trunk of his car, stopped the defendant's car. *Id.* at 800–01. The officers searched the interior of the car and found a bullet on the front seat and a pistol in the glove compartment. *Id.* at 801. They arrested and handcuffed the defendant. *Id.* Officers then opened the trunk of the car, discovered a closed brown paper bag, opened the bag, and found several bags of white powder that were later confirmed to be heroin. *Id.* The Court upheld the search, stating that "[t]he scope of a warrantless search of an automobile . . . is defined by the object of the search and the places in which there is probable cause to believe that it may be found." *Id.* at 824.

¶ 10. Like in *Ross*, where the police were permitted to search the trunk because they had probable cause to believe that the defendant was selling drugs out of the trunk of his car, here, we conclude that the police were permitted to search the trunk because the evidence uncovered in the passenger compartment—the marijuana residue, the scale, and the large amount of cash in small denominations—gave them probable cause to believe that Jackson was selling drugs out of his car.[5] As such, the police were permitted to search

---

[5] Jackson argues that the small amount of marijuana residue and the small size of the scale recovered from the center

109

" 'every part of the vehicle and its contents,' " including the trunk, " 'that may conceal the object of the search,' " in this case, evidence of drug dealing. *See Houghton*, 526 U.S. at 301 (citation and emphasis omitted). Because police had probable cause to search the trunk based upon the evidence located in the passenger compartment, we reverse and remand to the circuit court.

## CONCLUSION

¶ 11. The circuit court, when suppressing the evidence discovered in the trunk of Jackson's car, relied exclusively on its finding that Officer Baranowski's testimony that he smelled fresh marijuana emanating from the trunk was not credible. However, in so finding, the circuit court neglected to consider whether there were other grounds on which the police could permissibly search the trunk. We conclude, that regardless of whether Officer Baranowski truthfully testified that he could smell marijuana in the trunk of the car, the officers had probable cause to search the trunk based upon the evidence of drug dealing they lawfully found in the passenger compartment, to wit, the marijuana residue, the scale, and the substantial cash divided into small bills.

*By the Court.*—Order reversed and cause remanded.

console did not suggest that he sold drugs, but rather, at most, merely suggested that he recreationally used marijuana. In short, we find Jackson's assertion that an individual who is only recreationally using marijuana and not selling it would need a digital scale in his or her car to be absurd.