COURT OF APPEALS
DECISION
DATED AND FILED

October 1, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP644-CR**

Cir. Ct. No. **2017CM2025**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT I**

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

DEANGELO D. TUBBS,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Milwaukee County: DAVID L. BOROWSKI, Judge. *Affirmed.*

¶1 DUGAN., J.[1] Deangelo D. Tubbs appeals the judgment of conviction, following a guilty plea, for one misdemeanor count of possessing

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

tetrahydrocannabinol.   Tubbs argues that the trial court erred in denying his motion to suppress evidence seized during a warrantless search of his vehicle.[2]

¶2      We disagree and, therefore, affirm.

## BACKGROUND

¶3      On June 27, 2017, the State filed a criminal complaint against Tubbs, charging him with one misdemeanor count of possessing tetrahydrocannabinols.  The charge arose out of a June 15, 2017 search of Tubbs' vehicle.

¶4      Tubbs filed a motion to suppress physical evidence seized during the June 15, 2017 search of his vehicle.  Tubbs argued that the police lacked probable cause to conduct a warrantless search of the vehicle.  He also asserted the police had stopped the vehicle without a legally valid reason.

¶5      The trial court presided over an evidentiary hearing, where police officer Evan Domine of the City of Milwaukee Police Department testified. Domine testified that, on June 15, 2017, at approximately 8:30 p.m., he and five other officers assigned to the proactive bicycle unit were patrolling the City of Milwaukee Police Department's Seventh District in an area of reoccurring drug use complaints.  Officer Salaam directed Domine to conduct an investigative stop of a parked vehicle on 34th Street that did not have a license plate on its front

---

[2] The Honorable Thomas McAdams initially presided over the case, including the suppression hearing and denied the motion.  Thereafter, the Honorable David L. Borowski presided over the plea and sentencing hearing and issued the judgment of conviction.  We refer to the judges collectively as the trial court.

bumper area as is required by Wisconsin law.[3] The parked vehicle was a black Pontiac with its engine running.

¶6 Domine remained on his bicycle and approached the front driver's side door of the vehicle. Through the closed driver's side window, Domine observed the vehicle's sole occupant, later identified as Tubbs, sitting in the driver's seat with a firearm concealed below the window line. Then, based on concerns for the safety of himself and others, Domine immediately opened the driver's side door and told Tubbs to put his hands up. Tubbs told Domine that he had a permit to carry a concealed weapon. Domine later verified that Tubbs had the permit.

¶7 As he opened the door, Domine instantaneously recognized the distinctive, "pungent" smell of fresh marijuana. Domine knew the smell of fresh marijuana from over 500 contacts with marijuana during his training and employment as a police officer. He also saw a digital scale on the driver's side floorboard. He did not see any drug residue on the scale.

¶8 Because Domine had smelled fresh marijuana and also had seen the scale, he lifted the firearm from Tubbs' lap and told Tubbs to get out of the vehicle with his hands raised. At that time Domine believed that, because he smelled fresh marijuana, he had probable cause to search the entire vehicle.

¶9 Domine searched the vehicle, including the center console, which had been closed. Inside the console, Domine found a closed glass canning jar containing two small clear plastic bags of suspected marijuana. Subsequent

---

[3] Officer Saalam's given name is not part of the record before us.

testing of the suspect substance was positive for the presence of tetrahydrocannabinol, the active ingredient of marijuana.

¶10    During the evidentiary hearing, trial counsel presented the officer with a similar closed canning jar, did not tell the officer its contents, and asked the officer whether he could smell any odor. The officer did not smell any odor. Trial counsel then uncovered the jar and again asked the officer if he smelled any odor, the officer did not. Trial counsel then stated that the jar contained a lavender vanilla scented cleaner.

¶11    Subsequently, the parties presented oral arguments on the motion. Thereafter, the trial court issued an oral decision holding that, because the officer saw Tubbs in the car with a gun on his lap, the officer had reasonable suspicion for the stop during which he ordered Tubbs to get out of the vehicle and put his hands up. The trial court also held that, because the officer had discovered a digital scale on the vehicle floorboard and smelled fresh marijuana, he had probable cause to search the immediate area for contraband.

¶12    Tubbs subsequently entered into a plea agreement with the State. After conducting a colloquy with Tubbs, the trial court accepted his guilty plea to the misdemeanor marijuana charge. At sentencing, the trial court imposed a $500 fine on Tubbs. Judgment was entered on September 24, 2018.

¶13    This appeal follows.

## DISCUSSION

¶14    On appeal, Tubbs argues that the trial court erred in finding that the officer had probable cause to search his vehicle. Tubbs also argues that the officer lacked reasonable suspicion for a protective search of the vehicle for weapons.

### I.    Applicable law

¶15    Our review of an order addressing a motion to suppress presents a mixed question of fact and law. *See State v. Casarez*, 2008 WI App 166, ¶9, 314 Wis. 2d 661, 762 N.W.2d 385. We will not disturb the trial court's credibility determination. *See Fidelity & Deposit Co. v. First Nat'l Bank*, 98 Wis. 2d 474, 485, 297 N.W.2d 46 (Ct. App. 1980) (stating that "[w]here the trial court is the finder of fact and there is conflicting evidence, the trial court is the ultimate arbiter of the credibility of witnesses"). We uphold the trial court's findings of historical fact unless they are clearly erroneous, but the application of the law to those facts presents a question of law that we consider *de novo*. *See Casarez*, 314 Wis. 2d 661, ¶9.

¶16    "[T]he warrantless search of an automobile is justified when a police officer has probable cause to believe that an automobile, found in a public place, contains evidence of a crime. No showing of exigent circumstances is required." *State v. Secrist*, 224 Wis. 2d 201, 210, 589 N.W.2d 387 (1999). "The unmistakable odor of marijuana coming from an automobile provides probable cause for an officer to believe that the automobile contains evidence of a crime." *See id.*

### II.    The trial court properly concluded that probable cause existed

¶17    Tubbs argues that probable cause did not exist for the search of his vehicle. Although conceding that *Secrist* establishes that the odor of marijuana is sufficient to provide probable cause to search the passenger compartment of a vehicle, Tubbs argues that the trial "court made a credibility finding when it stated that the smell of evidence was impeached by the demonstrative exhibit," the

canning jar with the scented cleaner. Tubbs quotes the following statement as being a credibility determination by the trial court: "the discovery of the digital scale on the floor and the smell of marijuana, although less on the latter, allowed the officer to search the immediate area for contraband or a gun." Tubbs further relies on *State v. Jackson*, 2013 WI App 66, ¶¶3-5, 7, 11, 348 Wis. 2d 103, 831 N.W.2d 426, in asserting that "this case did not involve a sufficient confluence of other factors that established probable cause for the search, independent of the smell of marijuana."

¶18    We note that Tubbs simply labels the trial court's statement as a credibility determination. Tubbs does not develop the argument as to why it is a credibility determination and we decline to develop it for him. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).

¶19    Moreover, this court does not read the trial court's statement as does Tubbs. We conclude that the trial court did not find that Domine's testimony that he smelled fresh marijuana was not credible. Instead, the trial court stated that, in concluding that probable cause existed for the search, it relied upon *both* the observation of the digital scale and the smell of marijuana. The trial court further stated that its probable cause determination relied *more on* the officer's observation of the digital scale *than on* the fresh marijuana the officer smelled. In

other words, as a basis for its probable cause finding, the trial court placed greater emphasis on the former than the latter.[4]

¶20    Here, the trial court denied the motion to suppress based on its determination that (1) the stop when the officer directed Tubbs to step out of the car and raise his hands was supported by reasonable suspicion and (2) the odor of marijuana combined with the presence of the scale provided probable cause for the search of the vehicle. *Secrist* clearly holds that the odor of marijuana alone establishes probable cause to search a vehicle. *See id.*, 224 Wis. 2d at 210.

¶21    The trial testimony clearly established that Officer Domine, having smelled marijuana more than 500 times, was qualified by training and experience to identify the odor of fresh marijuana. *See id.* at 216 (stating that "[i]t is important … to determine the extent of the officer's training and experience in dealing with the odor of marijuana"). The officer described the odor of marijuana as a distinctive pungent smell. He went on to state, "Again, fresh marijuana, you can smell. It's very particular, there's nothing that smells exactly the same emitting that smell." He also testified that he had previously come into contact with marijuana in a sealed container and that, under those circumstances, he smelled marijuana.

---

[4] Because the trial court did not find the officer's testimony about the odor of marijuana lacked credibility, this case is not analogous to *State v. Jackson*, 2013 WI App 66, ¶¶5, 7 & n.4, 11, 348 Wis. 2d 103, 831 N.W.2d 426. In *Jackson*, the issue was whether there was probable cause for the warrantless search of a vehicle's trunk. *See id.*, ¶1. The trial court suppressed the evidence because it found incredible an officer's testimony that the odor of marijuana got stronger when, after searching the front seats of the car, he began searching the back seats. *See id.*, 11. Our supreme court found that, regardless of the truthfulness of the officer's testimony that he could smell marijuana in the trunk, there was probable cause to search the trunk based on the evidence of drug dealing that the officers lawfully found in the passenger compartment of the car. *See id.*

¶22 Despite Tubbs' effort to impeach the testimony that the officer smelled fresh marijuana when he opened the vehicle door, the trial court clearly found that "the discovery of the digital scale on the floor and the smell of the marijuana, although less on the latter, allowed the officer to search the immediate area." The record supports the trial court's finding that the officer smelled fresh marijuana upon opening the vehicle door. Under *Secrist* that finding, in and of itself, is sufficient to establish that the officers had probable cause to believe that evidence of a crime would be found in the vehicle. *See id.* at 210. Therefore, we affirm the trial court's judgment.

## CONCLUSION

¶23 We affirm the trial court's judgment because we agree that there was probable cause for the officer's warrantless search of Tubbs' vehicle.[5]

*By the Court.*—Judgment affirmed.

This opinion will not be published. WIS. STAT. RULE 809.23(1)(b)(4).

---

[5] Tubbs also contends that the officer lacked reasonable suspicion for a protective search of the vehicle for weapons. Based on our conclusion that there was probable cause for the search, we decline to address the issue. *See State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989) (stating that appeals should be decided on the narrowest possible ground).