COURT OF APPEALS
DECISION
DATED AND FILED

May 28, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP380-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2017CF123

**IN COURT OF APPEALS
DISTRICT IV**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

PAUL S. JONES,

   DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Vernon County: LYNN M. RIDER, Judge. *Affirmed*.

Before Blanchard, Graham, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Paul Jones, by counsel, appeals his judgment of conviction and the order denying his motion to suppress evidence obtained in a warrantless police search of a vehicle. The sole issue on appeal is whether the circuit court erred in denying Jones's suppression motion. For the reasons discussed below, we affirm the judgment of the circuit court.

## BACKGROUND

¶2 La Crosse County Sheriff's Deputy Bryan Cessford observed a green Audi driving on the road. A search of the license plate number showed that the Audi was registered to Jones, and that there were warrants out for Jones's arrest. Cessford attempted to make a traffic stop, but the driver fled at high speed. Cessford followed it to a residence, where the driver parked, got out, and entered the residence.

¶3 Vernon County Deputy Sheriff William Roesler also arrived at the residence. When Roesler arrived, a neighbor told Roesler that he had "just missed" Jones and that Jones had just gotten out of the vehicle. Roesler observed a person in the passenger's seat of the parked vehicle but no one in the driver's seat. The passenger told Roesler that Jones had been the driver who had just left. Roesler approached the residence with his weapon drawn and told Jones to come out. Jones came out and denied having driven the vehicle. Jones was arrested and placed in a squad car. Jones's mother arrived at the scene and told Roesler that she believed that Jones was "high."

¶4 Roesler looked into the window of Jones's vehicle and saw a butane torch and large knife partially obstructed by the seat. Police brought a drug detection dog to the scene and had the dog conduct a sniff of the perimeter of the vehicle, but it did not make any indication that it had detected drugs.

¶5      Roesler used a vehicle lock-picking tool to open the locked vehicle. The car alarm went off. The officers opened the hood of the vehicle and disabled the alarm. Inside the hood, Roesler observed a piece of plastic underneath a hat. Roesler testified that this was a common place to conceal drugs, and that based on what he knew about Jones's history and from information from the police investigation unit, he expected that the hat would contain drugs. The hat was seized and found to contain 114 grams of methamphetamine.[1] After the officers disabled the alarm, they turned their attention to the interior of the vehicle. The officers found a marijuana grinder and a small amount of marijuana in addition to the items previously observed.

¶6      Jones was charged with two felony counts and two misdemeanors. He pled guilty to the two felonies, possession of methamphetamine with intent to deliver and attempting to flee an officer. The remaining charges were dismissed and read in. Prior to entering the plea agreement, Jones filed a motion to suppress evidence obtained from the search of his vehicle, arguing that the evidence was obtained as the result of an unlawful search. The circuit court denied the motion after a hearing. Jones now appeals, challenging the circuit court's denial of his suppression motion based on the forced entry to the Audi.

## DISCUSSION

¶7      Jones argues that the circuit court should have suppressed the evidence obtained as a result of the search of his vehicle because the search occurred

---

[1] The State asserts in its brief that Jones does not argue that the police unlawfully opened the hood of his car or that the police could not lawfully seize the methamphetamine once they opened the hood. Jones has not filed a reply brief disputing the State's assertion. A proposition asserted by a respondent on appeal and not disputed by the appellant in the reply brief is taken as admitted. *See* **Schlieper v. DNR**, 188 Wis. 2d 318, 322, 525 N.W.2d 99 (Ct. App. 1994).

without a warrant and did not fall within any recognized exception to the constitutional warrant requirement. We affirm the circuit court's denial of the suppression motion on the ground that the search of the vehicle was justified under the automobile exception to the warrant requirement, because law enforcement had probable cause to believe that Jones had driven impaired and that evidence related to impairment would be found in the vehicle.

¶8      The United States and Wisconsin Constitutions prohibit unreasonable searches and seizures. *See* U.S. CONST. amend. IV; WIS. CONST. art. I, § 11. "Warrantless searches are per se unreasonable, subject to several clearly delineated exceptions." *State v. Artic*, 2010 WI 83, ¶29, 327 Wis. 2d 392, 786 N.W.2d 430. One such exception is the automobile exception, which permits police to "conduct a warrantless search of a car if they have probable cause to believe that the car contains contraband." *State v. Jackson*, 2013 WI App 66, ¶8, 348 Wis. 2d 103, 831 N.W.2d 426 (citing *U.S. v. Ross*, 456 U.S. 798, 799-800 (1982)).

¶9      Significant here, in addition to this probable-cause-for-contraband rule, under the automobile exception, police may search a vehicle "'for evidence relevant to offenses other than the offense of arrest' when 'there is probable cause to believe a vehicle contains evidence of criminal activity.'" *State v. Lefler*, 2013 WI App 22, ¶14, 346 Wis. 2d 220, 827 N.W.2d 650 (quoting *Arizona v. Gant*, 556 U.S. 332, 347 (2009), which relies on *Ross*, 456 U.S. at 820-21, for the proposition, "If there is probable cause to believe a vehicle contains evidence of criminal activity," police may search "any area of the vehicle in which the evidence might be found.").

¶10     Turning to probable cause standards, there is probable cause when the totality of the circumstances "would lead a reasonable police officer to believe that

the defendant probably committed a crime." ***State v. Koch***, 175 Wis. 2d 684, 701, 499 N.W.2d 152 (1993). Whether a set of facts constitutes probable cause is a question of law that we review de novo. ***State v. Babbitt***, 188 Wis. 2d 349, 356, 525 N.W.2d 102 (Ct. App. 1994).

¶11     The State argues that the police officers had probable cause to believe that Jones had driven impaired, and to believe that his vehicle contained evidence of an operating while intoxicated (OWI) offense. Jones argues that probable cause of an OWI offense was lacking and he emphasizes the following combination of facts: the officers did not conduct field sobriety tests or a preliminary breath test (PBT), nor did they arrange for a blood draw; Deputy Roesler is not a drug recognition expert; and the drug detection dog did not signal the presence of drugs.

¶12     We agree with the State's position. Even in light of the facts highlighted by Jones, we are satisfied that the officers had probable cause, based on the totality of the circumstances, to believe that Jones had driven impaired and that the Audi contained evidence related to impairment, despite the fact that his arrest was not for OWI. The following undisputed facts support our conclusion.

¶13     On the day of Jones's arrest, an off-duty police officer reported to dispatch that he saw Jones driving a green Audi. License plate records showed that the Audi was registered to Jones. Deputy Cessford observed the same green Audi later that day, and the Audi fled at high speed when Cessford tried to make a traffic stop.

¶14     Deputy Roesler testified that he had information from the Vernon County Sheriff's Department that Jones was a user and distributor of methamphetamine in the area. Roesler also testified that he knew Jones was wanted on a drug-related warrant. Both the passenger of the Audi and a neighbor told

5

Roesler that Jones had been the driver of the vehicle. When Jones came out of the residence, Roesler observed that Jones was fidgety, that he spoke at a quick pace, and that he exhibited a "1,000 yard stare," as if Jones were looking right through Roesler. Jones's mother also told officers that she believed that Jones was "high."

¶15    In addition, Roesler observed a butane torch and a knife in plain view inside the Audi. Roesler testified at the suppression motion hearing that butane torches are commonly used to light methamphetamine.

¶16    All of these facts, when considered together under the totality of the circumstances, created probable cause for the officers to believe that Jones had committed the offense of OWI and that Jones's vehicle contained evidence of criminal activity. Thus, under the automobile exception discussed above, the officers could search the vehicle consistent with the Fourth Amendment under the applicable case law.

¶17    Jones also argues that this court should overrule *State v. Marquart*, 2001 WI App 219, 247 Wis. 2d 765, 635 N.W.2d 188, in which this court considered and rejected an argument that the Wisconsin Constitution imposes a requirement that the automobile exception to the constitutional warrant requirement applies only to vehicles located in public places. *Id.*, ¶¶44-49. Jones suggests that this court reexamine *Marquart* and take up the issue of whether the automobile exception can justify the search of a vehicle then located in a private driveway. However, as the State asserts, *Marquardt* is good law, which binds us. *See Cook v. Cook*, 208 Wis. 2d 166, 189-90, 560 N.W.2d 246 (1997) (only the supreme court has the power to overrule, modify or withdraw language from a published opinion of the court of appeals).

*By the Court*.—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2017-18).