COURT OF APPEALS
DECISION
DATED AND FILED

August 19, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2024AP364-CR**

Cir. Ct. No. **2021CF164**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

ZIKEE TOWNSEND,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Trempealeau County: RIAN W. RADTKE, Judge. *Affirmed*.

Before Stark, P.J., Hruz, and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM. Zikee Townsend appeals from a judgment convicting him, based upon a no-contest plea, of possession of a firearm by a felon.

The sole issue on appeal is whether evidence seized without a warrant, based in part upon a K9's alert to the presence of THC during a traffic stop, should have been suppressed. Townsend contends suppression was required because the K9 could not distinguish between legal and illegal THC derivatives and law enforcement lacked probable cause for the search without the K9's alert. We affirm on the ground that law enforcement already had probable cause for the search before the K9's alert.

## BACKGROUND

¶2 A law enforcement officer activated the squad car's emergency lights to pull over a vehicle in which Townsend was a passenger for a speeding violation. The vehicle decelerated and drifted to the left as if it were going to pull over on the left shoulder, but it then moved to the right lane and pulled over onto the right shoulder. The vehicle ultimately took 42 seconds to pull over. Based upon the officer's training, he suspected the driver may have been trying to delay the stop to buy time to hide items. The officer's suspicions were further raised because the vehicle had heavily tinted windows, which made it difficult to see inside, as well as a bullet hole in the front passenger door.

¶3 Upon making contact, the officer learned that none of the occupants of the vehicle had a driver's license. The vehicle had temporary Illinois license plates, and Townsend was the registered owner. The officer initially noted a light odor of marijuana coming from the vehicle, but that odor was subsequently masked when the driver blew cigarette smoke out of the partially opened driver's door window in the officer's direction.

¶4 While running a records check, the officer requested that a K9 unit come to the scene. The K9 walked around the vehicle and alerted to the presence

of drugs. The State conceded that the K9 was unable to differentiate between legal and illegal THC products. However, the officer who initially smelled the odor of marijuana was trained to recognize the odor of illegal raw marijuana. After the K9 alerted, the officers searched the vehicle and found marijuana, drug paraphernalia, and a firearm.

## DISCUSSION

¶5 When reviewing a motion to suppress evidence, we will uphold the circuit court's findings of fact unless they are clearly erroneous. WIS. STAT. § 805.17(2) (2023-24); *State v. Harris*, 2017 WI 31, ¶9, 374 Wis. 2d 271, 892 N.W.2d 663. We will independently determine, however, whether the facts found by the court satisfy applicable constitutional provisions. *Harris*, 374 Wis. 2d 271, ¶9.

¶6 The constitutional provisions at issue here are the Fourth Amendment to the United States Constitution and article I, section 11 of the Wisconsin Constitution, which each prohibit unreasonable searches. *See State v. Dearborn*, 2010 WI 84, ¶14, 327 Wis. 2d 252, 786 N.W.2d 97. A warrantless search is per se unreasonable unless it falls within a clearly delineated exception to the warrant requirement. *State v. Parisi*, 2016 WI 10, ¶28, 367 Wis. 2d 1, 875 N.W.2d 619. One such exception allows law enforcement officers to conduct a warrantless search of a vehicle when they have probable cause to believe that the vehicle contains contraband. *State v. Jackson*, 2013 WI App 66, ¶8, 348 Wis. 2d 103, 831 N.W.2d 426.

¶7 Probable cause to search exists when—under the totality of the circumstances, including the knowledge and experience of the officer conducting the search—sufficient facts exist to "excite an honest belief in a reasonable mind

3

that the objects sought are linked with the commission of a crime, and that the objects sought will be found in the place to be searched." *State v. Lefler*, 2013 WI App 22, ¶8, 346 Wis. 2d 220, 827 N.W.2d 650 (citation omitted).

¶8 The Supreme Court of the United States has held that canine scent evidence derived from having a K9 sniff around a vehicle does not, in and of itself, constitute a Fourth Amendment search. *Illinois v. Caballes*, 543 U.S. 405, 410 (2005). Such evidence may be considered as part of the totality of the circumstances to determine the existence of probable cause to search the vehicle, however. *See State v. Miller*, 2002 WI App 150, ¶12, 256 Wis. 2d 80, 647 N.W.2d 348. More specifically, a K9's alert on an object for the presence of drugs provides probable cause to search that object, provided that the dog is trained in narcotics detection, the dog has demonstrated a sufficient level of reliability in detecting drugs in the past, and the officer handling the dog is familiar with how the dog reacts when it smells drugs. *Id.*

¶9 Townsend first argues that *Caballes* should not apply when the drug at issue is marijuana and the K9 cannot differentiate between legal and illegal THC products. We do not need to reach that issue here, however, because we conclude that law enforcement already had probable cause to search the vehicle under the automobile exception before obtaining the canine alert. Specifically, the officer's detection of an odor of marijuana emanating from the vehicle was combined with three factors suggestive of the vehicle occupants having something to hide: (1) the driver's delay in pulling over; (2) the vehicle's heavily tinted windows; and (3) the driver blowing cigarette smoke at the officer when the officer attempted to locate the source of the marijuana odor. The totality of these circumstances would lead a reasonable officer to believe that there was illegal marijuana in the vehicle.

¶10     Townsend argues that the facts known to law enforcement prior to the canine alert did not provide probable cause because there could be innocent explanations for many of those facts.  For instance, Townsend asserts that the driver could have chosen to pull over on the right because that lane was wider and safer; that the officer could have been mistaken about the faint odor of marijuana or that any such odor could be related to legal products; and that tinted windows are legal up to certain levels, and reduce sun glare and provide UV protection to protect the occupants' skin and keep the vehicle cool.

¶11     An officer, however, is not required to accept an innocent explanation where competing reasonable inferences of guilt could be drawn.  *See* ***State v. Kutz***, 2003 WI App 205, ¶12, 267 Wis. 2d 531, 671 N.W.2d 660.  More specifically as to the odor of marijuana, the Supreme Court of Wisconsin has explicitly held that an officer who smells marijuana may reasonably infer that it is emanating from an illegal source, even if an alternate inference that it is emanating from a legal source could be drawn. ***State v. Moore***, 2023 WI 50, ¶15, 408 Wis. 2d 16, 991 N.W.2d 412.

¶12     We conclude that law enforcement had probable cause to search the vehicle under the automobile exception to the warrant requirement.  The circuit court therefore properly denied the suppression motion.

*By the Court.*—Judgment affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5. (2023-24).

5