STATE of Wisconsin, Plaintiff-Respondent,

v.

Wendell L. GAINES, Defendant-Appellant.†

Court of Appeals

*No. 94–1225–CR.  Submitted on briefs February 3, 1995.—Decided September 28, 1995.*

(Also reported in 539 N.W.2d 723.)

†Petition to review denied.

For the defendant-appellant the cause was submitted on the brief of *Timothy J. Gaskell* of *Hanson & Gaskell* of Westby.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle*, attorney general, with *William C. Wolford*, assistant attorney general.

Before Gartzke, P.J., Dykman and Vergeront, JJ.

GARTZKE, P.J.   Wendell Gaines appeals from a judgment convicting him of two counts of possession with intent to deliver a controlled substance. He asserts the trial court improperly denied his motion to suppress a notebook the police seized as evidence and to suppress drug evidence they found in his car. The issues are: (1) whether the police lawfully searched Gaines's notebook; (2) whether the police lawfully seized his car; (3) whether the warrant to search his car issued upon probable cause; (4) whether the evidence seized pursuant to the search warrant must be suppressed because of the prior unlawful seizure of his car. We affirm the judgment.

## 1.   BACKGROUND

The essential facts are undisputed.[1] In the early morning of Saturday, January 25, 1992, Gaines drove

---

[1] We have taken the facts from the transcript of Gaines's preliminary hearing, the trial court's summary of the testimony taken to support issuance of the search warrant, and the tran-

his car into a utility pole. At about 6:00 a.m., he walked across the highway to the Mound View Motel lobby to call for help. Meanwhile, a City of Platteville police officer arrived, determined that the car was inoperable, and at Gaines's request had it towed to Trentz Mobil, a local service station. The car was not in police custody at the service station. The police took Gaines to police headquarters to prepare an accident report.

At headquarters a records check showed that Gaines had been driving his car after revocation of his operating license.[2] The police arrested him, patted him down and found a notebook containing an undated reference to "weed," a slang term for marijuana.[3] A printout of Gaines's arrest record contained a 1988 charge for possession of drugs and drug paraphernalia. An officer present recognized Gaines from a disorderly conduct case. Suspecting that Gaines had drugs in the car, about 7:00 a.m., the police station supervisor impounded the car and had it towed from Trentz Mobil. By 7:30 or 8:00 a.m., the car was at police headquarters. The police did not immediately search the car or

scripts of the suppression hearing and of the trial. When reviewing a suppression order, an appellate court is not limited to examination of the suppression hearing record. It may also examine the trial evidence, *State v. Griffin*, 126 Wis. 2d 183, 198, 376 N.W.2d 62, 69 (Ct. App. 1985), *aff'd*, 131 Wis. 2d 41, 388 N.W.2d 535 (1986), *aff'd sub. nom., Griffin v. Wisconsin*, 483 U.S. 868 (1987), and the evidence at the preliminary hearing. *State v. Mazur*, 90 Wis. 2d 293, 304, 280 N.W.2d 194, 199 (1979). We add to the list the record supporting issuance of a warrant.

[2] Two or more convictions of operating after revocation result in a misdemeanor. Section 343.44(2), STATS.

[3] Officer Hottenstein testified that the notebook entry was to the effect that "Tony stopped by, he had some weed to trade."

inventory its contents. About 8:30 a.m., the police took Gaines to the Grant County jail.

About 8:00 a.m. the same day, the owners of the Mound View Motel began to shovel the several inches of snow that had fallen that night. The motel owner testified she found a glove by the front door to the lobby near a newsstand. She examined the glove and found a package in it she thought might contain drugs. About 9:30 a.m., she called the police. The glove contained baggies of cocaine. The glove was atop the fresh snow, from which police inferred that someone had dropped it that morning. The newsstand had not received newspapers since November 1. None of the motel occupants that morning had come to the lobby to check out, and none had left tracks from their rooms to the lobby. The only tracks to the lobby came from the highway.

After Gaines posted bond, he returned to the police station about 11:00 a.m. the same day to retrieve items from his car. Police denied him access to it. They then staked out the motel to determine whether Gaines would try to retrieve the glove the owner had found. He returned to the motel parking lot and appeared to look in the area where the glove had been found. At about 2:00 p.m., an officer found a matching glove where the officer had parked his car when he transported Gaines from the police department to the county jail. He found the glove on the driver's side. Gaines had been riding in the back seat directly behind the driver.

After obtaining a search warrant on the following Monday, January 27, police searched Gaines's car and seized cocaine and cocaine base. Gaines was charged with two counts of possession with intent to deliver, contrary to §§ 161.41(1m)(c)3, 161.16(2)(b)1 and 939.62(1)(c) and 161.14(7)(a), 161.41(1m)(cm)2 and 939.62(1)(c), STATS., 1989-90. The trial court subse-

quently denied his motion to suppress the notebook seized from his person and the drugs seized from his car. He entered an *Alford* plea to the charges.[4] On each count, the court imposed $1000 fines and five-year consecutive sentences.

## 2. SEARCH OF NOTEBOOK

■

Gaines argues that the warrantless police search of his notebook was unlawful. We disagree. Gaines does not challenge his arrest for operating after revocation. The search of the notebook was proper as one incident to his arrest, as the trial court concluded, or as an inventory search.[5] Police may conduct a search of a defendant's person incident to a valid arrest and seize any evidence found in order to prevent its concealment or destruction. *State v. Swanson*, 164 Wis. 2d 437, 450, 475 N.W.2d 148, 154 (1991), *citing Chimel v. California*, 395 U.S. 752, 762-63 (1969). The police testified that papers carried by persons arrested are examined to log the papers and to prevent false claims for lost property. Police may inventory items seized from a defendant in their custody to ensure security and to

---

[4] Under an *Alford* plea, a defendant pleads guilty to a charge but claims innocence. *North Carolina v. Alford*, 400 U.S. 25 (1970), *State v. Garcia*, 192 Wis. 2d 845, 856, 532 N.W.2d 111, 115 (1995). Gaines also entered an *Alford* plea to a disorderly conduct charge. That conviction is not challenged in this appeal.

[5] The trial court did not consider the inventory search rationale. However, we may affirm a judgment or order supported by the record even though the trial court may have reached the same result for a different reason. *State v. Alles*, 106 Wis. 2d 368, 391, 316 N.W.2d 378, 388 (1982).

prevent false claims for lost property. *Illinois v. LaFayette*, 462 U.S. 640, 646 (1983).

Having lawfully seized the notebook, the police lawfully read it without a warrant. *See State v. Mordeszewski*, 68 Wis. 2d 649, 229 N.W.2d 642 (1975) (search of defendant's wallet and reading newspaper clipping it contained held a permissive inventory search incident to arrest); *United States v. Rodriguez*, 995 F.2d 776, 778 (7th Cir. 1993), *cert. denied*, — U.S. —, 114 S.Ct. 648 (1993) (search of wallet and photocopying addresses from book found on defendant's person held a permissible search incident to arrest). Evidence of another crime found in a search incident to a lawful arrest for a different offense may be used to prosecute the person on whom the evidence was found. *See United States v. Robinson*, 414 U.S. 218 (1973) (heroin seized during search incident to arrest for operating motor vehicle after revocation held admissible).

### 3. SEIZURE OF CAR

Gaines argues that the police improperly seized his car after they found an undated reference to "weed" in his notebook because the reference did not connect drug activity to his car. He argues that the drug-laden glove found by the motel did not justify seizure of his car because the police seized it before learning of the glove. The State argues that the police had probable cause to seize the car and impounded it for its safekeeping.

Whether probable cause exists on the established facts is a constitutional issue we resolve independently of the trial court's ruling. *State v. Mitchell*, 167 Wis. 2d 672, 684, 482 N.W.2d 364, 368 (1992). We will not dis-

turb the trial court's finding of historical fact unless it is clearly erroneous.[6]

Article I, § 11 of the Wisconsin Constitution and the Fourth Amendment to the United States Constitution prohibit unreasonable searches and seizures, and we interpret both provisions consistently. *State v. Tompkins*, 144 Wis. 2d 116, 135, 423 N.W.2d 823, 831 (1988). Police may seize a vehicle if they have probable cause to believe it contains evidence of criminal activity. *State v. Friday*, 147 Wis. 2d 359, 375, 434 N.W.2d 85, 91 (1989). Probable cause exists when there is a "fair probability," or it is "reasonable" to believe that evidence or contraband is located at the place sought to be searched. *State v. Friday*, 147 Wis. 2d at 376-77, 434 N.W.2d at 92, *citing Illinois v. Gates*, 462 U.S. 213, 238 (1983), *Tompkins*, 144 Wis. 2d at 125, 423 N.W.2d at 827.

Absent probable cause, police may impound a vehicle pursuant to standardized criteria to ensure its safekeeping or to protect public safety. *See Colorado v. Bertine*, 479 U.S. 367, 375 (1987). *See generally* LaFave, 3 Search & Seizure, § 7.3(c) (1987 and 1995 Supp.). Impoundment must be based on something other than suspicion of criminal activity. *Bertine*, 479 U.S. at 375.

The police lacked probable cause to seize Gaines's vehicle when they brought it to the police station. Probable cause to seize a vehicle requires that police have

---

[6] The *Mitchell* court applied the "great weight and preponderance" standard of review and explained that standard is "basically" the same as the "clearly erroneous" test. *Mitchell*, 167 Wis. 2d at 682-83 n.1, 482 N.W.2d at 368.

specific information "linking" criminal activity to the vehicle seized and searched. *State v. Friday*, 147 Wis. 2d at 368, 434 N.W.2d at 88.

At 7:00 a.m. when the Platteville police seized Gaines's car, no criminal activity was linked to the car. At that time the police possessed only Gaines's notebook and his past arrest record. The earliest that the police could have linked the cocaine-laden glove to the car was about 9:30 a.m., when the motel owner called the police. The glove created a fair probability that criminal activity was linked to Gaines's car, but the glove was discovered after the police had seized his car.

We reject the State's contention that in accordance with standardized criteria, the police impounded Gaines's vehicle to protect it and its contents. The trial court made no finding regarding the purpose of the impoundment. The supervising officer testified he impounded Gaines's car as a matter of standard procedure, but another officer testified that it was not the policy of the Platteville police department to impound vehicles for operating after revocation violations or when the owner or operator would be in custody for less than a few days. The court of appeals cannot resolve the factual conflict in the officers' testimony. *Wurtz v. Fleischman*, 97 Wis. 2d 100, 107 n.3, 293 N.W.2d 155, 159 (1980).

### 4. WARRANT TO SEARCH CAR

Two days after Gaines's arrest for operating after revocation, police possessed Gaines's gloves. One was found where he had left a police car and the other at the motel. The police knew that Gaines had tried to

112

retrieve the drug-laden glove at the motel, and that it likely was his. That he probably dropped that glove almost immediately after the accident and in its vicinity created a fair probability that his car contained more drugs. We conclude that those facts supported the warrant issued to search Gaines's car.

### 5. EVIDENCE SEIZED FROM CAR

Gaines argues that because the earlier seizure of his car was unlawful, the evidence later seized on execution of the search warrant must be suppressed. We disagree.

Evidence obtained as a direct result of an unconstitutional search or seizure is subject to suppression. *Segura v. United States*, 468 U.S. 796, 804 (1984). But an unlawful seizure need not invalidate a later seizure of evidence under a search warrant when the connection between the unlawful police conduct and the later seizure is "so attenuated as to dissipate the taint." *Segura*, 468 U.S. at 805.

In *Segura*, the information law enforcement agents had supported a warrant to search a particular apartment. Before a warrant was issued, they illegally entered and seized the apartment. Some nineteen hours later, the warrant issued based on the information the agents had before their illegal entry. The *Segura* court held that evidence seized on execution of the warrant was admissible, notwithstanding the unlawful prior entry, because the unlawful entry "did not contribute in any way to discovery of the evidence seized under the warrant . . . ." 468 U.S. at 815. The Court rejected the contention that had it not been for the illegal seizure, defendants could have destroyed or

removed the evidence, preventing its discovery during a valid search. To insist on a "constitutional right" to destroy evidence would, the Court said, defy "both logic and common sense." *Id.* at 816.[7]

As in *Segura*, the Platteville police did not use information gathered from the illegal prior seizure of Gaines's car to obtain the warrant to search it. They had the car but obtained no information from it to support issuance of the warrant. Without probable cause, they interfered with Gaines's possessory interest in the car when they seized it but that interference was slight. He had been in custody most of that morning. *See United States v. Veillette*, 778 F.2d 899, 903 (1st Cir. 1985), *cert. denied*, 476 U.S. 1115 (1986) (defendant suffered "virtually nonexistent" interference with his possessory interest in his motorcycle shop when police arrested him shortly after its unlawful seizure). By about 11:00 a.m., when Gaines sought to retrieve items from his car, the police had probable cause to seize it and therefore exclude Gaines from his car.

## 6. CONCLUSION

Because we conclude that the trial court properly denied Gaines's motion to suppress, we affirm the judgment.

*By the Court.*—Judgment affirmed.

■

[7] *See also United States v. Sainsbury-Suarez*, 797 F.2d 931 (11th Cir. 1986) (illegal detention of defendants for five hours did not taint evidence obtained under valid search warrant); *State v. Smith*, 458 N.W.2d 779, 783 (S.D. 1990) (evidence obtained under lawful warrant not tainted by prior unlawful seizure of vehicle).