**COURT OF APPEALS
DECISION
DATED AND FILED**

**August 24, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing.  If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.  *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.      **2020AP1399-CR**

**STATE OF WISCONSIN**

Cir. Ct. No.  2018CF187

**IN COURT OF APPEALS
DISTRICT III**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

JEREMY J. DEEN,

    DEFENDANT-APPELLANT.

        APPEAL from a judgment of the circuit court for Eau Claire County:  JON M. THEISEN, Judge.  *Affirmed.*

        Before Stark, P.J., Hruz and Nashold, JJ.

        ¶1      STARK, P.J.  Jeremy Deen appeals a judgment convicting him, upon his no-contest plea, of one count of possession of child pornography.  Deen argues the circuit court erred by denying his motion to suppress evidence discovered during a search of his cell phone.  Although the search was conducted

pursuant to a search warrant, the phone was initially seized without a warrant, and Deen contends that the warrantless seizure violated his Fourth Amendment rights. Like the circuit court, however, we conclude that the warrantless seizure was permissible under the exigent circumstances exception to the warrant requirement because, under the facts known at the time, a law enforcement officer would have reasonably believed that the delay required to procure a search warrant would risk the destruction of evidence. We therefore affirm.

## BACKGROUND

¶2 Deen was charged with four counts of possession of child pornography, based on four images that were found during a law enforcement search of his cell phone. As noted above, Deen moved to suppress the images, arguing, among other things, that the police had seized his phone without a warrant in violation of the Fourth Amendment.

¶3 The following facts were adduced at the hearing on Deen's suppression motion. On November 20, 2017, the National Center for Missing and Exploited Children (NCMEC) received a tip indicating that an image of child pornography had been uploaded on that date from a particular IP address.[1] The tip reported that the image was uploaded through an internet site called Chatstep, in a chatroom called "Lilslutz," under the username "Josh." An administrative subpoena was then used to determine that the IP address from which the image had been uploaded was associated with a specific street address on Sara Street in the city of Eau Claire. The Eau Claire County Sheriff's Office received

---

[1] An IP address is a unique address that identifies a device on the internet. *State v. Baric*, 2018 WI App 63, ¶4, 384 Wis. 2d 359, 919 N.W.2d 221.

NCMEC's tip on January 16, 2018, and shared it with the Eau Claire Police Department.

¶4 Eau Claire police detective Ryan Prock and another officer went to the Sara Street address on January 17, 2018, and made contact with Deen outside the home. The officers asked to speak to Deen inside, and he gave them permission to enter the residence. The officers informed Deen that they had received a tip about child pornography that had come from his IP address. In response to the officers' questions, Deen stated that he used his cell phone to access the internet, and that he looked at pornography on the internet, but he did not think he had looked at any child pornography. He stated, however, that when using internet chat rooms, "sometimes files get downloaded on his phone and he has clicked on them, but he doesn't remember if he did or not." Deen told the officers that he had heard of the Chatstep site but had never used it. The officers ascertained that Deen's middle name is Joshua, which Prock believed connected Deen to the username "Josh" that was referenced in the NCMEC tip.

¶5 At some point during their conversation with Deen, the officers noticed that Deen had a knife on his person. They therefore conducted a "pat-frisk" of Deen, during which they located his cell phone in one of his pockets. The cell phone was placed on a table, and the officers subsequently asked Deen for consent to look at the phone. Deen responded that he needed the phone for work, and "if [the officers] could come back at a later time to get it, that would be fine then."

¶6 The officers then seized Deen's cell phone, even though they did not have a warrant to do so. Prock testified that the officers believed the phone contained evidence of possession of child pornography, and if they left the phone

with Deen, he would have "ample opportunity to destroy the phone, to erase everything off the phone or just get rid of the phone." Prock further testified that the police did not search the phone until they received a warrant to do so.

¶7 The circuit court denied Deen's suppression motion, concluding that even though the officers seized Deen's cell phone without either a warrant or Deen's consent, the seizure was permissible under the exigent circumstances exception to the warrant requirement "to preserve evidence, and to prevent the destruction thereof." Deen subsequently pled no contest to a single count of possession of child pornography, and the remaining counts were dismissed and read in. Deen now appeals, arguing that the court erred by denying his suppression motion because the warrantless seizure of his cell phone was not justified by exigent circumstances.[2]

## DISCUSSION

¶8 Our review of a circuit court's decision granting or denying a motion to suppress evidence presents a question of constitutional fact, to which we apply a two-step standard of review. *State v. Tullberg*, 2014 WI 134, ¶27, 359 Wis. 2d 421, 857 N.W.2d 120. First, we uphold the circuit court's findings of historical fact unless they are clearly erroneous. *Id.* Second, we independently apply the relevant constitutional principles to those facts. *Id.*

¶9 Both the Fourth Amendment to the United States Constitution and article I, section 11 of the Wisconsin Constitution protect against unreasonable

---

[2] An order denying a motion to suppress evidence may be reviewed on appeal notwithstanding the defendant's guilty or no-contest plea. WIS. STAT. § 971.31(10) (2019-20).

searches and seizures. ***Tullberg***, 359 Wis. 2d 421, ¶29. "A seizure conducted without a valid warrant is presumptively unreasonable." ***State v. Brereton***, 2013 WI 17, ¶24, 345 Wis. 2d 563, 826 N.W.2d 369. Nevertheless, the warrant requirement is subject to certain limited exceptions. ***Id.*** One of those exceptions exists where the State can show "both probable cause and exigent circumstances that overcome the individual's right to be free from government interference." ***State v. Hughes***, 2000 WI 24, ¶17, 233 Wis. 2d 280, 607 N.W.2d 621. Here, Deen does not dispute that law enforcement had probable cause to believe that his cell phone contained evidence of a crime. The only issue on appeal is whether exigent circumstances were present.[3]

¶10 Courts have recognized that exigent circumstances exist where there is a risk that evidence will be destroyed if officers delay performing a search or seizure in order to obtain a warrant. *See **id.***, ¶25. The test to determine whether exigent circumstances justify a warrantless search or seizure to prevent the destruction of evidence is objective, and asks "whether a police officer, under the facts as they were known at the time, would reasonably believe that delay in

---

[3] The State observes that, based on the United States Supreme Court's decision in ***Illinois v. McArthur***, 531 U.S. 326 (2001), "some federal courts have imposed additional requirements beyond the required probable cause and exigency showing to justify an exigent seizure of evidence." Specifically, the State notes that some federal courts have interpreted ***McArthur*** to require a showing that the warrantless seizure lasted "no longer than reasonably necessary for the police, acting with diligence, to obtain the warrant," and a showing that the police "made reasonable efforts to reconcile their law enforcement needs with the demands of personal privacy." *See, e.g.*, ***United States v. Burton***, 756 F. App'x 295, 299 (4th Cir. 2018) (quoting ***McArthur***, 531 U.S. at 332-33). The State asserts that both of these additional requirements were satisfied in the instant case. Deen does not address these additional requirements in his appellate briefs, much less develop any argument that they were not satisfied. Deen has therefore conceded the issue. *See **Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp.***, 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979). In any event, given Deen's failure to address these additional requirements, we take no position regarding their applicability in this case.

procuring a search warrant would … risk destruction of evidence." *Id.*, ¶24. The State bears the burden of proving that exigent circumstances exist in a given case. *State v. Richter*, 2000 WI 58, ¶29, 235 Wis. 2d 524, 612 N.W.2d 29.

¶11    Like the circuit court, we conclude the State met its burden in this case to demonstrate the existence of exigent circumstances justifying the warrantless seizure of Deen's cell phone to prevent the destruction of evidence. As noted above, it is undisputed that the officers had probable cause to believe that Deen's phone contained evidence of a crime—i.e., possession of child pornography. During the officers' questioning of Deen, he became aware that they were investigating a tip that child pornography had been uploaded from an IP address associated with his residence, and the officers questioned him about his internet use and his pornography viewing habits. In response to the officers' questioning, Deen specifically told them that he used his cell phone to access the internet and view pornography. Deen also became aware during the interview that the officers wanted to search his cell phone, as they asked for his consent to do so. Under these circumstances, the officers could reasonably conclude—as Prock testified at the suppression hearing—that if they allowed Deen to retain the phone while they left to obtain a search warrant, he would destroy the phone, get rid of it, or erase evidence from it.

¶12    The United States Supreme Court has recognized that it is objectively reasonable for the police to conclude that the warrantless seizure of property is necessary to prevent the destruction of evidence where a suspect is aware of law enforcement's desire to search the property as part of an investigation. *See Illinois v. McArthur*, 531 U.S. 326, 332 (2001). In *McArthur*, the defendant's wife asked the police to accompany her to the trailer where she lived with the defendant in order to "keep the peace" while she removed her

belongings. *Id.* at 328. When she exited the trailer after collecting her things, she told an officer that the defendant had "dope" in the trailer, which he had slid under the couch. *Id.* at 329. The officer then knocked on the trailer door and asked the defendant for permission to search the trailer, which the defendant denied. *Id.* The officer subsequently told the defendant, who was by that time on the porch, that he could not re-enter the trailer unless accompanied by a police officer. *Id.* After obtaining a warrant, the police searched the trailer and found marijuana and drug paraphernalia inside. *Id.*

¶13 The Supreme Court determined that the officers' warrantless seizure of the defendant was justified under the exigent circumstances exception to the warrant requirement. *Id.* at 331-32. The Court stated that the police had "good reason to fear that, unless restrained, [the defendant] would destroy the drugs before they could return with a warrant." *Id.* at 332. In support of that conclusion, the Court explained that the officers "reasonably might have thought" that the defendant: realized his wife knew about his marijuana stash; observed that his wife was angry or frightened enough to ask the police to accompany her to the trailer; saw that his wife had spoken to the police after leaving the trailer; and noticed that she had walked off with one of the officers, while another officer remained outside to observe the trailer. *Id.* Based on those facts, the Court stated the officers "reasonably could have concluded that [the defendant], consequently suspecting an imminent search, would, if given the chance, get rid of the drugs fast." *Id.*

¶14 Relying on *McArthur*, other courts have upheld warrantless seizures of electronic devices based on the risk that a suspect would destroy those devices, or the evidence they contained, after learning of law enforcement's investigation. For instance, in *United States v. Burton*, 756 F. App'x 295, 297 (4th Cir. 2018),

an officer questioned the defendant at the police station about an allegation that the defendant had used his cell phone to take an up-skirt photograph of a woman. During the interview, the officer made it clear that he disbelieved the defendant's explanation for his conduct. *Id.* At the end of the interview, the officer seized two cell phones that the defendant had brought to the station, and two days later the police obtained a warrant to search the phones. *Id.*

¶15 The Fourth Circuit concluded the officer's warrantless seizure of the cell phones was justified under the exigent circumstances exception, given the defendant's knowledge that he was the subject of an investigation into his use of cell phones to take up-skirt photos, and the defendant's awareness that the officer was skeptical of his version of events. *Id.* at 298-99. The court reasoned: "Given the ease with which [the defendant] could have deleted, transferred, or otherwise removed the digital photos from the phones, [the officer] reasonably assumed [the defendant] might destroy any evidence contained on the phones, or the devices themselves." *Id.* at 299. Stated differently, the officer had "good reason to fear"

that the defendant "would destroy digital evidence if allowed to depart the police station with the phones."[4] *Id.* (quoting *McArthur*, 531 U.S. at 332).

¶16    Similarly, in this case, the officers had good reason to fear that Deen would destroy digital evidence on his cell phone—or the phone itself—if they allowed him to keep the phone while they left to obtain a search warrant. Deen was aware of the officers' investigation and knew that they were specifically interested in searching his cell phone for evidence of child pornography. Deen could have easily destroyed the phone or deleted evidence from it during the time it took the officers to obtain a search warrant. On these facts, the officers could reasonably believe that the delay needed to obtain a warrant would risk the destruction of evidence. *See Hughes*, 233 Wis. 2d 280, ¶24.

¶17    Deen nevertheless asserts, for four reasons, that it was not reasonable for the officers to conclude that the warrantless seizure of his cell phone was necessary to prevent the destruction of evidence. First, Deen notes that

---

[4] Other federal and state courts have reached the same conclusion in cases presenting similar facts. *See, e.g.*, *United States v. Pérez-Diaz*, 848 F.3d 33, 36-37, 40-41 (1st Cir. 2017) (concluding that officers reasonably seized the defendant's residence to prevent him from destroying evidence contained on computers located inside while the officers obtained a search warrant, in circumstances where the defendant was aware that the officers were looking for evidence of child pornography and the officers had specifically asked the defendant to turn on his laptop, which he refused to do); *United States v. Bradley*, 488 F. App'x 99, 100-01, 103 (6th Cir. 2012) (holding that exigent circumstances justified the warrantless seizure of the defendant's laptop where the defendant was aware that law enforcement was investigating an upload of child pornography and knew that his laptop contained an identifying marker associated with that upload, as "[c]ourts have doubted the wisdom of leaving the owner of easily-destructible contraband in possession of that contraband once the owner is aware that law-enforcement agents are seeking a search warrant"); *State v. Deem*, 849 S.E.2d 918, 921-22, 926-27 (W. Va. 2020) (upholding the warrantless seizure of a suspect's cell phone where the police believed the suspect had used the phone in the commission of a crime, the suspect was aware of the investigation and knew the police believed that his phone contained pertinent evidence, and a reasonable officer would have recognized that the potential evidence on the phone "could have been quickly damaged or destroyed").

the NCMEC tip was generated on November 20, 2017, approximately two months before the date when the police questioned him and seized his phone. Deen asserts the police had no information to suggest that, during that two-month period, he had attempted to get rid of any electronic devices that he used to access the internet or had attempted to delete data from his phone. Deen asserts it was unreasonable for the officers "to determine that destruction of evidence was imminent when … Deen had not done anything in the prior months to indicate he might destroy evidence." Deen also suggests that it was unreasonable for the officers to conclude there was a risk that he would destroy his phone, given that he had expressly told them he needed to keep the phone so that he could use it for work.

¶18    Deen is correct that, before the officers questioned him at his residence, there was nothing to suggest that he would destroy either his cell phone or any evidence it contained. As the State correctly notes, however, the situation changed when the officers spoke to Deen about their investigation. Again, during that conversation, Deen became aware that the officers were investigating an upload of child pornography from an IP address associated with his residence, and that they wanted to search his cell phone in connection with their investigation. As we have already explained, under these circumstances, it was reasonable for the officers to conclude that the delay required to obtain a search warrant would risk the destruction of evidence.

¶19    Furthermore, while it is true Deen told the officers that he needed his phone for work, Deen cites no legal authority in support of the proposition that the officers were required to accept his assertion in that regard. Given the surrounding circumstances, the officers could have instead reasonably concluded that Deen lied about needing his phone for work to provide an excuse for refusing to let them

take the phone. The officers could have also reasonably concluded that, even if Deen needed his phone for work, he would have been willing to destroy the phone to prevent them from discovering incriminating evidence that it contained. In the alternative, the officers could have reasonably concluded that while Deen's need to use his phone for work may have prevented him from destroying the phone itself, it would not have prevented him from deleting incriminating evidence. Under any of these scenarios, the officers could have reasonably concluded that there was a risk Deen would destroy either the phone or the evidence it contained if they allowed him to keep the phone while they left to obtain a search warrant.

¶20 Second, citing *State v. Kiekhefer*, 212 Wis. 2d 460, 569 N.W.2d 316 (Ct. App. 1997), Deen argues the dispositive inquiry is whether the officers had sufficient information *at the moment they entered Deen's home* to support a reasonable belief that evidence might be destroyed. Deen notes that in *Kiekhefer*, we concluded exigent circumstances did not justify law enforcement's warrantless entry into the defendant's bedroom because: (1) although the officers believed the defendant was in possession of a large amount of marijuana, "the presence of contraband without more does not give rise to exigent circumstances"; (2) a large quantity of marijuana "could not be easily or quickly destroyed in [the defendant's] bedroom"; and (3) the officers "were not confronted with the sounds of destruction emanating from within [the defendant's] room." *Id.* at 478-79. Deen contends that this case is similar to *Kiekhefer* because at the moment the officers entered Deen's home, they merely believed that contraband (i.e., evidence of child pornography) might be present, but that contraband could not have been easily or quickly destroyed, and the officers did not hear any sounds that indicated Deen was about to destroy it.

¶21    Deen's reliance on *Kiekhefer* is misplaced. He is correct that the *Kiekhefer* court framed the relevant inquiry as "whether the facts, as they appeared at the moment of entry, would lead a reasonable, experienced agent to believe that evidence might be destroyed before a warrant could be secured." *Id.* at 478 (quoting *United States v. Rivera*, 825 F.2d 152, 156 (7th Cir. 1987)). *Kiekhefer* referred to the moment of entry, however, because the issue in that case was whether the police had violated the Fourth Amendment by entering the defendant's bedroom without a warrant. *See id.* at 466, 474-76. Similarly, *Rivera*, which the *Kiekhefer* court relied upon, addressed whether officers violated the Fourth Amendment by entering a hotel room without a warrant. *See Rivera*, 852 F.2d at 156-57.

¶22    Thus, in both *Kiekhefer* and *Rivera*, the alleged Fourth Amendment violation occurred at the moment law enforcement entered into a legally protected space. As such, in those cases, the relevant question was whether law enforcement had enough information to support a reasonable belief *at the moment of entry* that evidence might be destroyed before a warrant could be secured. Here, in contrast, the alleged Fourth Amendment violation did not occur at the moment the officers entered Deen's home. Prock testified during the suppression hearing that Deen gave the officers permission to enter the home, and Deen does not argue otherwise on appeal. Instead, Deen contends the officers violated the Fourth Amendment when they subsequently seized his cell phone. On these facts, the relevant inquiry is whether an officer would have reasonably believed *at the moment the phone was seized* that evidence on the phone might be destroyed before a warrant could

be secured. As explained above, an officer would have reasonably drawn that conclusion under the circumstances of this case.[5]

¶23 Third, citing the criminal complaint, Deen notes that when the officers questioned him about his internet usage, he told them that he used both his cell phone and a laptop computer to access the internet. Deen then argues that "[t]he inconsistency in seizing the phone but not the laptop demonstrates that the seizure was based on speculation rather than a reasonable belief that evidence would be destroyed before a warrant could be secured."

¶24 No testimony or other evidence was introduced at the suppression hearing, however, to support the assertion that Deen told the officers he used both his cell phone and a laptop to access the internet. The suppression hearing

---

[5] We acknowledge that the presence of contraband, without more, does not give rise to exigent circumstances. *See State v. Kiekhefer*, 212 Wis. 2d 460, 478, 569 N.W.2d 316 (Ct. App. 1997). In this case, however, additional factors were present supporting a reasonable belief that if the officers allowed Deen to keep his cell phone while they obtained a warrant, there was a risk that he would destroy evidence. Again, Deen was aware that law enforcement was investigating an upload of child pornography from his home's IP address, and he knew that the officers wanted to search his phone in connection with their investigation. Contrary to Deen's assertion, under these circumstances it is not dispositive that the officers did not hear any sounds indicating that Deen was actively destroying evidence before they seized his phone.

We also reject Deen's argument that, like the large quantity of marijuana in *Kiekhefer*, the evidence at issue in this case could not have been quickly or easily destroyed. Deen cites *State v. Gralinski*, 2007 WI App 233, ¶31, 306 Wis. 2d 101, 743 N.W.2d 448, where we stated that "possession of child pornography on one's computer differs from possession of other contraband in the sense that the images remain even after they have been deleted." Be that as it may, rather than deleting any images of child pornography on his phone, Deen could have destroyed the evidence by destroying the phone itself, or by transferring it to another person or location to prevent the police from finding it. Although Deen suggests that the officers could have accessed images on his phone in other ways even without possession of the phone—for instance, via "the cloud"—his argument in that regard is purely speculative. There is nothing in the record to suggest that the officers knew at the time they seized Deen's phone—or that a reasonable officer in their position would have known—that any incriminating images on the phone were backed up to "the cloud" or would have been otherwise accessible even if Deen destroyed the phone itself.

13

transcript does not contain any reference to a laptop or a computer of any kind, and no exhibits were introduced into evidence during the hearing. We have previously stated that when reviewing a suppression order, an appellate court "is not limited to examination of the suppression hearing record" but may also consider "the trial evidence," "the evidence at the preliminary hearing," and "the record supporting issuance of a warrant." ***State v. Gaines***, 197 Wis. 2d 102, 106 n.1, 539 N.W.2d 723 (Ct. App. 1995). Deen cites no authority for the proposition that we may also consider the criminal complaint when reviewing a circuit court's decision on a motion to suppress.

¶25 Moreover, even if we considered the criminal complaint, it provides a reasonable explanation for the officers' decision to seize the cell phone, but not the laptop. Specifically, the complaint states that Deen told the officers "he just bought the laptop computer[,] and before the computer he would only use his cell phone for internet." Because the tip from NCMEC was approximately two months old at the time the officers interviewed Deen, they could reasonably assume that any evidence related to that tip would be found on Deen's cell phone, rather than his recently acquired laptop. We agree with the State that under these circumstances, instead of demonstrating a lack of exigent circumstances, the officers' decision to seize only Deen's cell phone shows that they "reasonably

limited their seizure to the electronic device most likely to contain evidence of the crime they were investigating."[6]

¶26 Fourth and finally, Deen asserts that the exigent circumstances exception does not apply here because any exigency related to the risk of destruction of evidence was caused by the officers' own unreasonable conduct. It is well established that police officers "may not benefit from exigent circumstances that they themselves create." *State v. Robinson*, 2010 WI 80, ¶32, 327 Wis. 2d 302, 786 N.W.2d 463. However, in *Kentucky v. King*, 563 U.S. 452, 462 (2011), the Supreme Court clarified that the exigent circumstances exception applies "when the conduct of the police preceding the exigency is reasonable" within the meaning of the Fourth Amendment. As such, where the police "did not create the exigency by engaging or threatening to engage in conduct that violates the Fourth Amendment, warrantless entry to prevent the destruction of evidence is reasonable and thus allowed." *Id.*

---

[6] Deen argues we cannot consider the statement from the criminal complaint that he had just purchased his laptop and had previously used only use his cell phone to access the internet because there was no testimony regarding that statement during the suppression hearing. As noted above, however, there was no testimony about the laptop whatsoever during the suppression hearing, and Deen himself relies on the criminal complaint to support his argument that the officers' failure to seize the laptop demonstrates a lack of exigent circumstances. Deen cannot rely on the criminal complaint to support his argument that exigent circumstances were not present, and then fault the State for relying on that same document to refute his argument.

In any event, even absent Deen's statement that he had just purchased his laptop and had previously used only his cell phone to access the internet, we would conclude that the officers' seizure of only the phone, and not the laptop, does not show a lack of exigent circumstances. The officers could have reasonably concluded that it is easier to destroy, hide, or lose a cell phone than a laptop, which is larger in size. On that basis, the officers could have reasonably concluded that any possible evidence on Deen's cell phone was at a greater risk for destruction than evidence on his laptop.

¶27    Here, the officers did not create the exigency that necessitated the seizure of Deen's cell phone by engaging or threatening to engage in conduct that violated the Fourth Amendment. The officers made contact with Deen outside of his residence. They entered the residence only after receiving Deen's permission to do so. They located Deen's cell phone during a pat-frisk, which one of the officers initiated after observing that Deen had a knife. Deen does not argue that either the officers' entry into his home or the pat-frisk violated the Fourth Amendment.

¶28    Nor does Deen develop any argument that the officers violated the Fourth Amendment merely by approaching him to ask him questions related to their investigation. In any event, an argument in that regard would appear to be contrary to *King*, where the Court held that officers do not violate or threaten to violate the Fourth Amendment merely by knocking on an individual's door without a warrant because, by doing so, "they do no more than any private citizen might do." *See id.* at 469-70. Similarly, in this case, the officers did no more than any private citizen might do by approaching Deen outside his home and asking to speak to him. We therefore reject Deen's argument that the exigent circumstances exception is inapplicable here because the officers created the exigency.

¶29    For all of the foregoing reasons, we conclude that at the moment Deen's cell phone was seized, an officer would have reasonably believed that the delay necessary to obtain a search warrant would risk the destruction of evidence. Consequently, like the circuit court, we conclude that the exigent circumstances exception to the warrant requirement applies. As a result, the warrantless seizure of Deen's cell phone did not violate the Fourth Amendment, and the court properly denied Deen's suppression motion.

*By the Court.*—Judgment affirmed.

Not recommended for publication in the official reports.