COURT OF APPEALS
DECISION
DATED AND FILED

December 29, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP2014-CR**

Cir. Ct. No. **2020CF87**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

QUENTIN JAMES EICHMAN,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Trempealeau County: RIAN RADTKE, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Quentin Eichman appeals from a judgment convicting him of one count of possession of methamphetamine. Eichman argues

that the circuit court erred by denying his motion to suppress evidence found during a warrantless pat-down search. We agree with the State that the pat-down search was a permissible search incident to arrest. Accordingly, we affirm.

## BACKGROUND

¶2 The State charged Eichman with possession of methamphetamine, two counts of misdemeanor bail jumping, and disorderly conduct (domestic abuse). The possession of methamphetamine charge was based on an allegation that a sheriff's deputy had discovered a baggie containing methamphetamine in Eichman's pocket during a warrantless pat-down search. Eichman moved to suppress the methamphetamine, arguing that the warrantless pat-down violated the Fourth Amendment.

¶3 Deputy Kevin Ely of the Trempealeau County Sheriff's Office was the sole witness to testify at the hearing on Eichman's suppression motion.[1] Ely testified that on June 26, 2020, he was dispatched to a residence in the Town of Trempealeau following a report of a possible domestic disturbance. When Ely arrived, several other officers were already on the scene, along with Eichman and Eichman's wife. Eichman told Ely that he and his wife had an argument and "ended up outside running, she tripped in the ditch, and [Eichman] jumped over her as to not land on her."

---

[1] Ely also testified at Eichman's preliminary hearing. Some of the facts set forth below are taken from Ely's preliminary hearing testimony, which both parties cite in their appellate briefs. "When reviewing a suppression order, an appellate court is not limited to examination of the suppression hearing record. It may also examine … the evidence at the preliminary hearing." *State v. Gaines*, 197 Wis. 2d 102, 106-07 n.1, 539 N.W.2d 723 (Ct. App. 1995) (citations omitted).

¶4 At some point, the officers on the scene became aware that Eichman had an active arrest warrant from La Crosse County. Ely's supervisor asked him to give Eichman a ride to Eichman's residence so that Eichman could obtain a phone charger to "make some phone calls to deal with that warrant" or "show that he had already paid the warrant." Ely did not tell Eichman that he was under arrest, and Ely was not aware that any other officer told Eichman that he was going to be arrested. Ely testified, however, that Eichman was not "free to leave" due to the active La Crosse County arrest warrant.

¶5 Before giving Eichman a ride to his residence, Ely directed Eichman to the back of his squad car, opened the door, and stated that he "needed to pat [Eichman] down for weapons before [Eichman] got into [Ely's] car." Ely testified that it is "standard practice" for "officer safety purposes" to conduct a pat-down search before a person is transported in a squad car, and "[w]e do that with just about everybody that we transport in our cars." Ely conceded that before performing the pat-down, he had no reason to suspect that Eichman was armed or had anything illegal on his person. Ely also conceded that Eichman had not said anything to indicate that he might be a threat. Ely clarified that he did not ask Eichman for consent to perform a pat-down search; rather, he "advised" Eichman that he was going to perform a pat-down and then did so.

¶6 While performing the pat-down, Ely felt "what appeared to be a baggie with some kind of a … lump in it" in the left front pocket of Eichman's pants. Based on his training and experience, Ely was aware that baggies may contain illegal substances. Ely asked Eichman what the item in his pocket was, and Eichman responded that it was "just a bag." At Ely's request, Eichman ultimately pulled the baggie out of his pocket and admitted that it contained "dope." The substance in the baggie tested positive for methamphetamine.

¶7 The circuit court denied Eichman's motion to suppress. The court found that although Eichman was not told that he was under arrest, he was not free to leave the scene due to the outstanding arrest warrant. The court also found that Eichman had consented to receive a ride from Ely to his home. The court then noted that a deputy giving a ride "to somebody who has an active warrant out to their house," where other law enforcement officers will not be present, presents a risk to the deputy's safety if the person has a weapon. The court further stated that the pat-down search in this case was "not extensively intrusive" and was "essentially" done at Eichman's request "so that he could be transported" to his home. Under these circumstances, the court concluded that it was reasonable for Ely to perform the pat-down before allowing Eichman to enter his squad car. The court further concluded that after Ely felt a baggie containing a lump in Eichman's pocket, Ely's seizure of the baggie was permissible under the plain touch exception to the warrant requirement.

¶8 In the alternative, the circuit court stated that Eichman had "arguably" consented to the warrantless search and seizure because he essentially "agreed to be patted down because he wanted the ride," and he subsequently complied with Ely's request to remove the baggie from his pocket. Even absent Eichman's consent, however, the court stated that the pat-down search "passe[d] Constitutional muster" and did not "violate [Eichman's] 4th Amendment right against unreasonable searches and seizures."

¶9 Eichman subsequently entered a guilty plea to the possession of methamphetamine charge, and the remaining charges were dismissed and read in. The circuit court withheld sentence and placed Eichman on probation for thirty months. Eichman now appeals, arguing that the court erred by denying his suppression motion. *See* WIS. STAT. § 971.31(10) (2019-20) (stating that an order

4

denying a motion to suppress evidence may be reviewed on appeal notwithstanding the defendant's entry of a guilty or no-contest plea).

## DISCUSSION

¶10 When reviewing the denial of a motion to suppress evidence, we will uphold the circuit court's findings of historical fact unless they are clearly erroneous. *State v. Sykes*, 2005 WI 48, ¶12, 279 Wis. 2d 742, 695 N.W.2d 277. The application of constitutional principles to those facts, however, presents a question of law that we review independently. *Id.*

¶11 Both the Fourth Amendment to the United States Constitution and article 1, section 11 of the Wisconsin Constitution "provide protection from unreasonable searches and seizures." *Id.*, ¶13. A warrantless search is presumptively unreasonable unless it falls within an exception to the warrant requirement. *State v. Tullberg*, 2014 WI 134, ¶30, 359 Wis. 2d 421, 857 N.W.2d 120. "[I]n the case of a lawful custodial arrest[,] a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a 'reasonable' search under that Amendment." *United States v. Robinson*, 414 U.S. 218, 235 (1973). Here, the State argues—and we agree—that the pat-down search of Eichman qualified as a valid search incident to arrest.[2]

¶12 An officer may place an individual under arrest based on an active arrest warrant and may search that person incident to arrest, and evidence obtained

---

[2] As summarized above, the circuit court concluded that the pat-down search was constitutionally permissible for other reasons. We may, however, affirm a circuit court's decision on different grounds. *See State v. Sharp*, 180 Wis. 2d 640, 650, 511 N.W.2d 316 (Ct. App. 1993).

during the search will not be suppressed, even if the arrest warrant is later deemed to be defective. *See State v. Kerr*, 2018 WI 87, ¶¶8-10, 16, 22-24, 383 Wis. 2d 306, 913 N.W.2d 787. In this case, the circuit court found that the officers on the scene were aware of the active La Crosse County warrant for Eichman's arrest prior to the pat-down search. Based on Ely's testimony, that finding is not clearly erroneous. The outstanding warrant therefore provided a valid basis for the deputies to arrest Eichman and conduct a search of his person incident to that arrest.

¶13    The fact that the pat-down search occurred before Eichman was formally arrested is of no moment. Generally, a search of a person incident to an arrest must be contemporaneous to the arrest. *Sykes*, 279 Wis. 2d 742, ¶15. The United States Supreme Court has stated, however, that "[w]here the formal arrest followed quickly on the heels of the challenged search of [the] petitioner's person," it is not "particularly important that the search preceded the arrest rather than vice versa." *Rawlings v. Kentucky*, 448 U.S. 98, 111 (1980). Consistent with that proposition, the Wisconsin Supreme Court has explained that

> [t]o justify a search as an incident of a lawful arrest the officers must either have a warrant for the arrest o[r] probable cause therefor before the search is made. However, it is not necessary that the arrest be actually made prior to the search. The point is that the validity of the arrest must not depend upon the result of the search but the grounds of arrest must exist independently thereof.

*State ex rel. Furlong v. County Ct. for Waukesha Cnty.*, 47 Wis. 2d 515, 525-26, 177 N.W.2d 333 (1970).

¶14    In addition, a defendant need not be arrested for the same crime that established probable cause to arrest the defendant prior to the search. *See Sykes*,

6

279 Wis. 2d 742, ¶¶2, 27. In *Sykes*, law enforcement had probable cause to arrest the defendant for criminal trespass. *Id.*, ¶¶4, 19, 22. Before arresting the defendant for that offense, however, an officer searched the defendant's wallet and discovered crack cocaine inside of it. *Id.*, ¶9. The defendant was then arrested and charged with possession with intent to deliver cocaine. *Id.*, ¶¶3, 9.

¶15 On appeal, our supreme court concluded that the search of the defendant's wallet was a lawful search incident to arrest, even though it occurred before the defendant was formally arrested and even though the crime for which the defendant was ultimately arrested was not the same crime for which the officers had probable cause to arrest him prior to the search. *Id.*, ¶¶27, 34. The court explained that "as long as there was probable cause to arrest before the search, no additional protection from government intrusion is afforded by requiring that persons be arrested for and charged with the same crime as that for which probable cause initially existed." *Id.*, ¶27. The court also explained that "whether law enforcement subjectively intended to arrest [the defendant] for criminal trespass is not the relevant inquiry." *Id.*, ¶31. Instead, "the relevant inquiry is whether the officer was aware of sufficient objective facts to establish probable cause to arrest before the search was conducted, as well as whether an actual arrest was made contemporaneously with the search." *Id.*

¶16 Similarly, in this case, the relevant inquiry is not whether the deputies subjectively intended to arrest Eichman on the outstanding warrant prior to the pat-down search. The relevant inquiry is whether there were sufficient objective facts to permit an arrest before the search was performed. Based on the circuit court's factual findings, which are not clearly erroneous, we conclude that the outstanding warrant provided a valid, objective basis for the deputies to arrest Eichman before the search, independent of any evidence that was subsequently

obtained during the search. Because the deputies had a valid, independent basis to arrest Eichman before the search, and because Eichman was actually arrested immediately following the search, the search qualified as a valid search incident to arrest under the case law discussed above.

¶17 Citing **Knowles v. Iowa**, 525 U.S. 113 (1998), Eichman nevertheless argues that a "formal arrest is required for a search incident to arrest." Eichman's reliance on **Knowles** is misplaced. In **Knowles**, the Supreme Court held that police could not search a motor vehicle incident to the issuance of a traffic citation absent a custodial arrest. **Id.** at 115-16, 118-19. The Court explained that recognizing a "search incident to citation" exception to the warrant requirement would not advance either of the historical justifications for the "search incident to arrest" exception—that is, the need to disarm a suspect before taking him or her into custody and the need to preserve evidence for later use at trial. **Id.** at 116-18.

¶18 Unlike **Knowles**, this case does not involve a search incident to the issuance of a traffic citation. Instead, the deputies in this case had a valid, independent basis to arrest Eichman prior to the pat-down search—i.e., the outstanding La Crosse County arrest warrant. **Knowles** is therefore distinguishable and does not compel a conclusion that the search in this case violated the Fourth Amendment.[3]

---

[3] Eichman asserts that in **Ochana v. Flores**, 347 F.3d 266 (7th Cir. 2003), the Seventh Circuit interpreted **Knowles v. Iowa**, 525 U.S. 113 (1998), as requiring a valid custodial arrest before a search incident to arrest may occur. As the State points out, however, **Ochana** involved the search of a vehicle during a traffic stop, whereas this case involves a search of a suspect's person under circumstances where law enforcement knew that the suspect had an active arrest warrant. In any event, the Seventh Circuit's decision in **Ochana** is not binding on this court. *See* **Busse v. Dane Cnty. Reg'l Plan. Comm'n**, 181 Wis. 2d 527, 543, 511 N.W.2d 356 (Ct. App. 1993).

(continued)

¶19     For the reasons explained above, we agree with the State that the warrantless pat-down search in this case was permissible as a search incident to arrest.  During a search incident to arrest, an officer is entitled to seize any "'fruits, instrumentalities, or contraband' probative of criminal conduct."  *Robinson*, 414 U.S. at 236 (citation omitted).  Accordingly, the circuit court properly denied Eichman's motion to suppress.

*By the Court.*—Judgment affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5. (2019-20).

---

In his reply brief, Eichman also asserts that *Rawlings v. Kentucky*, 448 U.S. 98 (1980), and *State v. Sykes*, 2005 WI 48, 279 Wis. 2d 742, 695 N.W.2d 277, are no longer good law in light of the Supreme Court's decision in *Knowles*.  As explained above, however, *Knowles* addressed a different issue than *Rawlings* and *Sykes*—namely, whether a warrantless search could be justified as a "search incident to citation."  *See Knowles*, 525 U.S. at 116-18.  Neither *Rawlings* nor *Sykes* involved a search incident to the issuance of a traffic citation, and we do not view the Court's decision in *Knowles* as overruling or abrogating those cases.